259 So.2d 81 (1972)
John PEARCE
v.
UNION BANKERS INSURANCE CO.
No. 8687.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
Rehearing Denied March 22, 1972.
*82 Melvin G. Dupuis, Jr., Morgan City, for appellant.
Donald T. W. Phelps, of Seale, Smith, Baine & Phelps, Baton Rouge, and Bernard E. Boudreaux, Jr., of Bauer, Darnall, McNulty & Boudreaux, Franklin, for appellee.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge:
This suit, which was consolidated with the case of Blanco v. Union Bankers Insurance Company, La.App., 259 So.2d 83, this day decided by us, is for benefits allegedly due under a hospitalization policy issued by defendant Union Bankers Insurance Company to plaintiff John Pearce. Summary judgment was granted in favor of defendant, dismissing plaintiff's suit, and plaintiff has appealed.
The policy was issued on January 20, 1970, and provides for the payment of expense "incurred as the result of injury or sickness of a Family member." Sickness is defined as "sickness or disease commencing after the date of issue and which results in loss covered by this policy which is incurred while this policy is in force. `Commencing' means when the sickness first becomes manifest or active, or there is a distinct symptom or condition from which one learned in medicine can diagnose the sickness with reasonable certainty."
Mrs. Pearce had her sixth baby on November 18, 1969. She visited Dr. Larry S. *83 Mouch, her family physician, on January 23, 1970, for a check-up, and he found her to have a prolapsed uterus. He recommended a hysterectomy, which was successfully performed on March 11, 1970. The trial judge was satisfied from Dr. Mouch's deposition that Mrs. Pearce was suffering from a prolapsed uterus prior to the effective date of the policy, and that the sickness had "commenced" prior to that time within the terms of the policy. We think his conclusion in this respect is amply supported by the record, and it is not seriously disputed by the plaintiff.
Plaintiff, however, contends that, under the provisions of R.S. 22:619(B), defendant is precluded by law from urging the above defense. R.S. 22:619(B) provides as follows:
"In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer. Amended and reenacted Acts 1958, No. 125."
Plaintiff's position is not well taken. The purpose of the foregoing provision is to prevent the insurer from avoiding liability under the policy on the basis of the presence of non-material or nonfraudulent misrepresentations in the application for the policy. No such defense is interposed in this case.
The defendant is pleading the clear and unambiguous provisions of the policy which can only be interpreted to mean that there can be no liability for expenses incurred in connection with a sickness which pre-existed the issuance of the policy. The record is clear that Mrs. Pearce's sickness pre-existed the issuance of the policy in this case. It is also clear that the representation to the contrary in the application was made in good faith, but we fail to see the relevance thereof when no such defense is raised. It certainly can not be said that defendant would be bound by good faith misrepresentations made in the application.
We find that the district judge has correctly resolved the issues presented in this case, and the judgment appealed from is affirmed at plaintiff's cost.
Affirmed.