SARTAIN, Judge.
Under the exercise of our supervisory jurisdiction we granted writs in the instant case to examine the ruling of the trial judge sustaining a declinatory exception of improper venue filed on behalf of two defendants herein.
The succinct facts relevant to this matter are that plaintiff filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge against four defendants all of whom he alleged to be jointly and solidarily liable to him in redhibition as a result of the sale of a defective automobile. Defendants Fiat Distributors, Inc. (hereinafter referred to as Fiat) and Roy Mc-Griff’s Design Aire, Inc. (hereinafter referred to as Design Aire) are both alleged to be foreign corporations not licensed to do business, but in fact doing business, in the State of Louisiana. Defendant James J. Bryan is alleged to be a resident of Jefferson Parish, while defendant Jefferson Parish Enterprises, Inc., d/b/a Bryan Motors (hereinafter referred to as Bryan Motors) is alleged to be a domestic corporation in liquidation. Defendants Bryan and Bryan Motors were served in Jefferson Parish. Plaintiff attempted to serve defendant Fiat, but after diligent search and inquiry could find no one authorized to represent said defendant, and thus service was effected through the Secretary of State. There is no evidence of service on defendant Design Aire contained in the record.
Defendants Bryan and Bryan Motors, both Louisiana defendants domiciled in parishes other than East Baton Rouge, objected to suit being brought in East Baton Rouge Parish claiming that none of the venue provisions in Louisiana law permits suit against them in that forum.
Plaintiff argues, however, that suit against defendant Fiat was properly brought in East Baton Rouge Parish and therefore venue is proper as to all other defendants solidarily liable pursuant to Louisiana C.C.P. Art. 73, which states in pertinent part:
“Art. 73. Action against joint or solida-ry obligors
An action against joint or solidary ob-ligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.”
The trial judge in written reasons concluded that jurisdiction over the foreign corporate defendants herein was based on L.R.S. 13:3201, et seq. Accordingly, he concluded that La.C.C.P. Art. 73 could not be used by plaintiff to obtain venue on the resident defendants since that article requires venue on at least one defendant be derived from La.C.C.P. Art. 42. Venue as to defendant Fiat, a foreign corporation, was, he concluded, based on venue provisions other than La.C.C.P. Art. 42 inasmuch as the venue provisions of that article are specifically excluded from the scheme of L.R.S. 13:3201, et seq. by L.R.S. 13 :3203, which states:
§ 13:3203. Venue
A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue under any provision of the Louisiana Code of Civil Procedure other than Article 42.
We disagree with the trial judge’s conclusion that jurisdiction over the foreign corporate defendants in the present case is based upon L.R.S. 13:3201, et seq. When jurisdiction is founded upon the provisions of those statutes service of process must be effected in accordance with L.R.S. 13:3204, that is, by registered mail or actual delivery by an authorized individual. *771 There is no evidence herein of service pursuant to those requirements.
Evidence in the record is to the effect that after diligent search and inquiry for an authorized agent for service of process within the state and finding none, service was then effected on the Secretary of State. Such service on foreign corporations not required by law to appoint agents for service of process is authorized by L. R.S. 13:3471(1) in suits arising out of the business activities of those corporations.
We respectfully disagree with the trial judge’s conclusion that L.R.S. 13:3471(1) is merely a service of process statute. The provisions of that article state:
§ 3471. Supplementary rules of service of process
The following rules supplement those governing the service of citation and other legal process in a civil action or proceeding contained in the Code of Civil Procedure:
(1) If the foreign corporation is not one required by law to appoint an agent for the service of process, but has engaged in a business activity in this state, service of process in an action or proceeding on a cause of action resulting from such business activity in this state, or for any taxes due or other obligations arising therefrom, may be made on any employee or agent of the corporation of suitable age and discretion found in the state. If such employees or agents are no longer in the state, or cannot be found after diligent effort, the officer charged with the duty of making the service shall make his return to the court, stating the efforts made by him to secure service and the reason why he was unable to do so. Thereupon the court shall order that service shall be made on the secretary of state, or on some other individual in his office whom the secretary of state may designate to receive service of process. The secretary of state shall ascertain the domiciliary post office address of the corporation, and shall send the original papers served to the corporation by registered mail, with return receipt requested. The secretary of state shall retain in his office true copies of these papers, on which he shall note the date, the manner and other particulars of the service, and of the disposition made of the original papers.
When read in conjunction with La.C.C.P. Art. 6(1)[1], it becomes clear that L.R.S. 13:3471(1) is intended to provide jurisdiction over foreign corporations with no designated agent for service of process. We held in Terasse v. Wisconsin Feeder Pig Marketing Coop., 202 So.2d 330 (La.App., 1st Cir., 1967) that the intent of L.R.S. 13:3471(1) was to grant to the courts of this state the broadest possible scope of personal jurisdiction, within the bounds of due process of law, over foreign corporations with no agents for service of process in the state. When the legislature adopted L.R.S 13:3201, et seq., it is obvious that they intended to preserve this alternative source of jurisdiction, which intent is specifically expressed in L.R.S. 13:3207, as follows:
§ 3207. R.S. 13:3201-13:3206 provide additional remedies; no conflict with certain code and statutory provisions
R.S. 13:3201 through 13:3206 provide additional remedies, and do not in any way affect, conflict with, modify, or repeal any code article or statute providing any other remedy, including without *772 being limited to any of the provisions of the Louisiana Code of Civil Procedure, R.S. 13:3471(1), * * *.
Accordingly, in the present case, we conclude that service was effected pursuant to L.R.S. 13:3471(1) and thus through La.C.C.P. Art. 6(1) the State of Louisiana obtained jurisdiction over defendant Fiat.
We turn now to the determination of whether or not East Baton Rouge is the parish of proper venue. La.C.C.P. Art. 42(5) states:
“Except as otherwise provided by R.S. 13:3471(1), a foreign corporation not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in a parish where the process may be, and subsequently is, served on the defendant
The trial judge concluded that the above cited provisions excluded the use of 42(5) when the provisions of L.R.S. 13:3471(1) are invoked. We disagree with this conclusion for several reasons.
The introductory paragraph of L.R.S. 13:3471 clearly states that its provisions are to supplement those of the Code of Civil Procedure. The trial judge’s conclusion would have L.R.S. 13:3471 supercede rather than supplement. We further note the reporter’s comments following La.C.C. P. Art. 42 indicating that the subsequent amendment which incorporated the reference to L.R.S. 13:3471(1) into La.C.C.P. Art. 42 was done to avoid the possibility of any conflict between the two statutes. Lastly, we note that if the trial judge’s conclusions were correct there would be no proper place of venue where service was had pursuant to L.R.S. 13:3471(1) when the cause of action asserted is based on obligations arising out of contractual business activities and not otherwise covered by any specific venue articles in the Code of Civil Procedure (i. e., immovable property, La. C.C.P. Art. 80).
We conclude that the reference to L.R.S. 13:3471(1) in La.C.C.P. Art. 42 was incorporated therein to specifically permit service pursuant to L.R.S. 13:3471(1). Otherwise, one might conclude from La.C. C.P. Art. 42 that actual service on the defendant corporation within the state would be necessary in order that the suit be proper. For this reason, it appears the legislature specifically included L.R.S. 13:3471(1) within the scheme of La.C.C.P. Art. 42.
Under La.C.C.P. Art. 42(5) where service has been effected pursuant to L.R. S. 13:3471(1), venue would be proper in the present case as to defendant Fiat in East Baton Rouge Parish, since that is the situs of the Secretary of State, upon whom service was made. Having found venue proper as to defendant Fiat under Article 42, venue becomes proper as to defendants Bryan and Bryan Motors under La.C.C.P. Art. 73 as alleged solidary obligors.
Accordingly, for the above reasons, the writ issued herein is made peremptory and the ruling of the trial court sustaining defendants’, James J. Bryan and Jefferson Parish Enterprises, Inc., d/b/a Bryan Motors, declinatory exceptions of venue is overruled. All costs of these proceedings relating to the instant writ are assessed against these defendants. All other costs are to await a final determination on the merits.
WRIT MADE PEREMPTORY.

. Art 6. Jurisdiction over the person.
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process; * * *