348 So.2d 1323 (1977)
Thelma TATUM, Plaintiff-Appellant,
v.
RIDGEWAY PROPERTIES et al., Defendants-Appellees.
No. 6084.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
Kenneth N. Simmons, of Davis & Simmons, Many, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley, by Harry A. Johnson, Jr., Hugh M. Stephens, Shreveport, for defendants-appellees.
Watson, Murchison, Crews & Arthur, by William P. Crews, Jr., Natchitoches, for exception-appellee.
Before HOOD, DOMENGEAUX and WATSON, JJ.
HOOD, Judge.
Plaintiffs, Dean I. Dauley and I. Boyd Ridgeway, instituted this suit against Mrs.
*1324 Thelma Tatum, seeking to annul a default judgment which Mrs. Tatum previously obtained against them. Judgment was rendered by the trial court in favor of plaintiffs, annulling and setting aside the default decree. Defendant, Mrs. Tatum, appealed. We affirm.
Plaintiffs contend that valid service of process was not made on them in the suit originally filed by Mrs. Tatum, that the trial court did not obtain jurisdiction over them, and that the default judgment rendered in that suit thus is null and void.
The issue presented is whether, in the earlier suit filed by Mrs. Tatum, service of process was made on Dauley and Ridgeway pursuant to the provisions of the Louisiana Long Arm Statute (LSA-R.S. 13:3201, et seq.).
LSA-R.S. 13:3204 and 3205, being parts of the Long Arm Statute which are applicable here, provide:
"§ 3204. Service of Process. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
"Service of process so made has the same legal force and validity as personal service on the defendant in this state." (Emphasis added).
"§ 3205. Default judgment; proof of service of process. No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
"(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
"(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery." (Emphasis added).
Mrs. Tatum filed suit in January, 1976, seeking damages for personal injuries sustained by her when she slipped and fell on business premises being operated under the name of "Globe Discount City," in Shreveport. She alleges that the owner-lessor of those premises was "Ridgeway Properties," that Walgreen Company was the lessee, and that Travelers Insurance Company was the insurer of Walgreen. She instituted suit against Ridgeway Properties, Walgreen and Travelers. In her petition she described defendant, Ridgeway Properties, as follows:
"RIDGEWAY PROPERTIES, a foreign corporation domiciled in the State of Texas, with present mailing address of 812 East Marshall Street, Longview, Texas, 75601, said corporation doing business in the State of Louisiana;"
Actually, "Ridgeway Properties" is not a corporation. It is simply a trade name used by I. Boyd Ridgeway for some business enterprises in Texas. There is no corporate, partnership or legal entity of any kind known as Ridgeway Properties, and Mr. Ridgeway did not use that trade name in any of his business activities in Louisiana.
The property located in Shreveport, on which the accident occurred, was owned individually, and in indivision, by plaintiffs Dauley and Ridgeway. Dauley had no interest in any of the business enterprises operated by Ridgeway in which he used the trade name "Ridgeway Properties," and that trade name was not used in connection with the ownership or leasing of the Louisiana property.
Dauley and Ridgeway are both residents of the State of Texas. Mrs. Tatum is a resident of Sabine Parish, Louisiana. The damage suit which Mrs. Tatum instituted was filed in the Eleventh Judicial District Court, for Sabine Parish, Louisiana, and service of process of the original petition was made on defendant, "Ridgeway Properties," by sending a certified copy of the *1325 citation and of the petition by certified mail to "Ridgeway Properties, 812 East Marshall Street, Longview, Texas, 75601." A return receipt, showing delivery of the envelope containing those documents to the addressee, was signed in behalf of Ridgeway Properties by "John Jackson."
The address of Ridgeway Properties, as shown in Mrs. Tatum's petition, is the mailing address of the office of Mr. and Mrs. John Jackson. As an accommodation to Ridgeway, Mr. and Mrs. Jackson permitted him to use their mailing address for business purposes. When mail was delivered to their office, addressed to Ridgeway or to Ridgeway Properties, Mr. or Mrs. Jackson would see that it was delivered to Mr. Ridgeway. Consistent with that understanding or practice, the envelope which contained a certified copy of the citation and of the original petition in the Tatum suit was delivered to Mr. Ridgeway. The latter thereupon showed those documents to Dauley, or told him about them, since both of them jointly owned the Louisiana property, and he advised Walgreen and Travelers of the suit. He then filed the pleadings away, and he later turned them over to his attorney.
On February 12, 1976, Mrs. Tatum filed a "First Amended Petition," and on April 6, 1976, she filed a "Second Amended Petition." The same three defendants were named in both of those amended petitions, and "Ridgeway Properties" was identified in both of those pleadings as a foreign corporation domiciled in the State of Texas, exactly as was alleged in the original petition. Dauley and Ridgeway were not named as defendants in either of those pleadings. Service of process of the First and Second Amended Petitions was made on Ridgeway Properties in each instance by mailing a certified copy of the citation and of the amended petition to "Ridgeway Properties," at the above address in Longview, Texas. The envelope containing those pleadings was received by Mr. or Mrs. Jackson, the envelope was handed to Mr. Ridgeway, he in turn showed the contents to Dauley, and thereafter Ridgeway filed the documents away.
A Third Amended Petition was filed by Mrs. Tatum on May 4, 1976, in which she named a total of seven defendants. The same three defendants, i. e. Ridgeway Properties, Walgreen and Travelers, were listed in this amended petition, and in addition thereto four other defendants were named, including:
"DEAN I. DAULEY, a non-resident of the State of Louisiana, with present mailing address of 105 North Carrier Parkway, Grand Prairie, Texas, 75050;
"I. BOYD RIDGEWAY, a non-resident of the State of Louisiana, with present mailing address of 812 East Marshall Street, Longview, Texas, 75601."
Shortly after that Third Amended Petition was filed, Mrs. Tatum voluntarily dismissed her suit as to all defendants, except as to Ridgeway Properties, Dauley and Ridgeway. None of those defendants filed an answer, and in due course a default judgment was rendered in favor of Mrs. Tatum and against all three of those remaining defendants, in solido, for the sum of $41,812.71. Dauley and Ridgeway then instituted the instant suit, seeking to annul that default judgment.
In her Third Amended Petition, Mrs. Tatum prayed that "service and citation" of the original petition and of the three amended petitions be made on Dauley and Ridgeway, personally. The record shows that certified copies of the Original Petition, and of the First, Second and Third Amended Petitions, were mailed to Dauley and to Ridgeway. A factual issue is presented, however, as to whether a certified copy of a citation was ever mailed to them.
Dauley and Ridgeway contend in the instant suit that a certified copy of a citation was never mailed to or received by either of them. They take the position that the mailing of a citation is mandatory under LSA-R.S. 13:3204, that the trial court never acquired jurisdiction over them because of the failure to comply with the Long Arm Statute, and that the default judgment rendered by the court thus is null and void.
*1326 The trial judge found that a citation was never issued to Dauley or to Ridgeway, and that a certified copy of such a citation thus was never mailed to either of them. He concluded that citation is an essential element of the "process" required by LSA-R.S. 13:3201, et seq., and that the default judgment being attacked here is void because of the failure of plaintiff to include a certified copy of a citation with the pleadings which were mailed to both of those defendants.
Dauley and Ridgeway each testified that he received by mail certified copies of the original and the three amended petitions which had been filed by Mrs. Tatum. Each stated, however, that he has never received a copy of a citation issued to him in the suit filed by Mrs. Tatum.
The record contains the affidavit of Janice Tabor, executed on May 21,1976, stating that "she mailed a certified copy of the Original Petition, the First Amended Petition, the Second Amended Petition and the Third Amended Petition" to Ridgeway and to Dauley on May 4, 1976. The affidavit does not recite that she mailed a copy of a citation to either of those defendants.
Mrs. Geraldine Curtis, a Deputy Clerk of Court for Sabine Parish, handled the filing of the Third Amended Petition. She testified that she normally attaches a copy of the citation to a copy of the petition when it is filed, but that she does not remember whether she did that in this instance. She stated that she made entries on a filing card in the clerk's office showing that in this case a charge of $18.00 was made on May 4,1976 for "Third Amended Petition & Copies," and that a charge of $2.00 was made on that date for "Cit. & Copy." The charge for issuing one citation is $2.00, and the fact that only one such charge was made indicates that only one citation was issued when the Third Amended Petition was filed. Seven defendants were named in that pleading, so seven citations were needed if every defendant was to be cited. Mrs. Curtis explained that the charge for additional citations could have been included in the $18.00 charge made on May 4, but that she could not say whether she prepared a citation, or a copy of a citation, for either Dauley or Ridgeway when the Third Amended Petition was filed.
The clerk's filing card for this case shows that on April 6, when the Second Amended Petition was filed, a charge of $31.00 was made for "2nd Amended Pet., 5 cits, copies." The clerk's charge for copies varied according to the length of the pleadings. The Second and Third Amended Petitions, however, were the same length (three pages). There were only three defendants when the second amendment was filed, whereas there were seven defendants when the Third Amended Petition was filed. It seems to us that if seven citations were issued when the last amended petition was filed, the total charges would have been more, instead of less, than the $31.00 which was charged on April 6 when fewer copies and citations were required. The expenses incurred on May 4, however, totalled only $20.00. The entries made on the clerk's records indicate, therefore, that a citation was not issued for each of the seven defendants named in the Third Amended Petition, contrary to the position taken by Mrs. Tatum.
The record does not contain the original or a copy of a citation issued to Dauley or to Ridgeway. The documents or pleadings which were mailed to those parties on May 4 were filed in evidence, but there are no citations attached to any of them. Dauley and Ridgeway testified that the papers which were filed in evidence were the same ones which were mailed to them, and that nothing had been removed from or added to those documents.
The trial judge concluded that a copy of a citation was not mailed either to Dauley or to Ridgeway, and his finding as to that fact is entitled to great weight.
We agree with the trial judge that citations were not issued to Dauley or to Ridgeway when the Third Amended Petition was filed on May 4, 1976, and that copies of citations thus were never mailed to them.
*1327 The word "shall" in LSA-R.S. 13:3204, which sets out methods of making service of process on non-resident defendants in some cases, means that the provisions of that section are mandatory. Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975); Bell v. Fiat Distributors, Inc., 333 So.2d 769 (La.App. 1 Cir. 1976); Boykin v. Lindenkranar, 252 So.2d 467 (La.App. 4 Cir. 1971).
We believe that in order for service of process to be valid under LSA-R.S. 13:3204 and 3205, a certified copy of the citation, as well as a copy of the petition, must be mailed or delivered to the defendant. Since a copy of a citation was not mailed to Dauley or Ridgeway in this instance, we conclude that Mrs. Tatum did not obtain valid service of process of those parties, and that the default judgment rendered in the original action is void.
Mrs. Tatum contends that even though valid service of process was not obtained on Dauley or Ridgeway when the Third Amended Petition was filed, the default judgment rendered in her favor nevertheless is valid as to Ridgeway. She points out that Ridgeway did business as "Ridgeway Properties," that Ridgeway Properties was named as a defendant, that copies of the Original and of the First and Second amended petitions were mailed to Ridgeway Properties, and that a certified copy of a citation was attached to each such pleading. All of those documents eventually were handed or delivered to Ridgeway, and he thus was aware of the suit. It is argued that under those circumstances Ridgeway is "without a cause of action to annul this default judgment," and that he is "estopped to deny the validity" of that decree. She relies on Thomas Organ Company v. Universal Music Company, 261 So.2d 323 (La. App. 1 Cir. 1972), to support that argument.
In Thomas Organ Company, supra, one of the defendants was a partnership. It was identified as such in the pleadings, and the names of the two partners were given. Service of Process had to be obtained by serving one of the partners, but both partners were non-residents. The First Circuit Court of Appeal held that service of process on one of the named partners could be obtained under the Louisiana Long Arm Statute. Our understanding of the facts is that proper pleadings (including a certified copy of the petition, the amended petition and a citation) were mailed to the non-resident partner by certified mail, and that the addressee refused to accept the letter. The court held that the service of process was valid under LSA-R.S. 13:3204, despite the fact that the defendant had refused to accept the pleadings which were mailed to him. No question was presented as to whether a citation must accompany the copy of the petition, but the court observed at least twice in its opinion that the sending by mail of "a certified copy of citation and petition" is required by LSA-R.S. 13:3204.
We distinguish Thomas Organ Company from the instant suit because of the difference in facts and in the issues presented. In that case, unlike the circumstances here, the defendant was a partnership and judgment was sought against that legal entity. In the present suit, the original and amended petitions filed by Mrs. Tatum identified Ridgeway Properties as a foreign corporation domiciled in Texas. That named defendant, in fact, was not a corporation, and it was not a partnership or a legal entity of any kind. A valid judgment could not be obtained against it. The names of Dauley and I. Boyd Ridgeway are not mentioned in the original or in the First or Second amended petitions, and we feel that under those pleadings (that is, under the original and the First and Second amended petitions) Mrs. Tatum could not have obtained a personal judgment against either Dauley or Ridgeway, even if a citation and copies of the petitions had been mailed directly to those two individuals.
We reject the argument that Ridgeway is estopped from denying the validity of the default judgment. The fact that he did business as Ridgeway Properties, and was aware of the fact that suit had been filed against a defendant designated by that name and identified as a corporation, does not estop him from resisting the claim *1328 on the ground that he had not been properly served with process.
Our conclusion is that Mrs. Tatum failed to obtain valid service of process on Dauley or Ridgeway, and that the default judgment which was rendered against those parties is void. We find no error in the judgment rendered by the trial court.
The judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant, Mrs. Thelma Tatum.
AFFIRMED.