LEE, Justice,
for the Court:
G. L. Varnado, a Louisiana resident, instituted suit in the Circuit Court of Adams County against Avery B. Dille, Jr. on a judgment entered in his favor by the nineteenth Judicial District Court, East Baton Rouge Parish, State of Louisiana, for the sum of twelve thousand one hundred twenty-four dollars three cents ($12,124.03) with interest and attorney’s fees. At the conclusion of the plaintiff’s case, the trial judge sustained a motion for directed verdict on the ground that the Louisiana court, which entered the judgment, did not have jurisdiction of the cause on account of void process, and Varnado has appealed to this Court. We hold that the process was void and that the judgment of the trial court should be affirmed.
On July 28, 1976, appellant filed suit in the Louisiana District Court against H. Cleave Ray, resident of Louisiana, and Avery B. Dille, Jr., a resident of Natchez, Mississippi, and subsequently obtained a judgment against them. Ray was personally served with process in Louisiana. Appellant attempted to have appellee served by registered mail to him in Natchez, which method did not accomplish service. He then amended the petition and requested the court to appoint Sheriff William T. Ferrell or his authorized deputy in Adams County, Mississippi, to serve process on ap-pellee by actual delivery of a summons to him.
The Louisiana Long-Arm Statute provides for service of process and proof of such service on default judgments as follows:
“No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place and manner of delivery.” (Emphasis added) LSA-R.S. 13:3205.
The proof of process service in Mississippi was by an affidavit of service [See Appendix] which reflected that Jerry McDaniel, Deputy Sheriff, served appellee with a copy of the citation and petition on the first day *1028 of November, 1976, by delivering them to the appellee in person. However, the affidavit was signed “William T. Ferrell, Sheriff, by C. Gee.” It was not executed by the officer who actually delivered the process and did not comply with the proof of process service required by the above section.
In Tatum v. Ridgeway Properties, 348 So.2d 1323 (La.App.1977), the Louisiana court held that LSA-R.S. 13:3204 and 13:3205 are mandatory and any service of process which fails to meet the requirements of said sections renders a default judgment void.
Appellant argues that the name of Jerry McDaniel, Deputy Sheriff, appears in the body of the affidavit of service and that he signed his name at that place, hence the statute was complied with. However, following the signature line with the designation “Sheriff” under same, the concluding sentence of the affidavit of service is “SWORN TO AND SUBSCRIBED before me, on this 2nd day of November, 1976.” The word “subscribe” means “to write (one’s name) underneath.” Webster’s New Collegiate Dictionary (1979). The affidavit of service shows on its face that C. Gee subscribed same and that it was not a proper affidavit of service by Jerry McDaniel, who is supposed to have delivered the process.
On the trial in Mississippi, it was stipulated that appellee was personally served with the summons and had personal knowledge that the suit was pending against him. Ap-pellee made no appearance and contest of the suit and on January 12, 1977, a final default judgment was entered against him. Appellant contends that by such stipulation appellee is estopped to claim defective process. Had the stipulation been entered at the trial in the Louisiana District Court, the point may have been well taken and may have been tantamount to a waiver of process and entry of appearance. At any rate, such a stipulation or appearance would have entitled the plaintiff to amend process (affidavit of service).
The Mississippi courts are bound by the record made in the Louisiana District Court. Such record reflects that the statute was not complied with and that the Louisiana judgment is void. The trial judge correctly sustained the motion for a directed verdict.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
APPENDIX
“G. L. VARNADO
VS.
H. CLEVE REA AND AVERY B. DILLE, JR.
SUITE NO. 194,124 DIVISION J
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
AFFIDAVIT OF SERVICE
STATE OF MISSISSIPPI ADAMS COUNTY
BEFORE ME, the undersigned authority, personally came and appeared JERRY McDANIEL. DEPUTY SHERIFF, who after being duly sworn said that he has been designated by the 19th Judicial District Court for East Baton Rouge Parish to effect service of the-within citation and petition on the defendant, Avery B. Dille, Jr.; *1029 that on the _1_ day of November. 1976, he served a copy of the citation and petition in this action under the Louisiana Long Arm Statute, LSA-R.S. 13:3201, pursuant to Section 3204 of Title 13, by delivering them to said defendant in person at Natchez — Adams County. Mississippi.
/s/ WM. T. FERRELL_
/s/ By C. Gee SHERIFF
ADAMS COUNTY
NATCHEZ, MISSISSIPPI
SWORN TO AND SUBSCRIBED before me, on this 2nd day of November. 1976.
Clerk of the Circuit Court of Adams County, Mississippi, and Ex-Officio Notary Public
/s/ A. V. DAVIS BY I. RODGERS. D.C. NOTARY PUBLIC
Commission expires:_
My Commission Expires Jan. 1, 1980”