WILLIAMS, Judge.
The late Bernard Turner and his son, Hillary Turner, filed suit against Delta Bank and Trust Company (Delta Bank) and two bank employees, alleging that the bank conspired with the late Ben Turner and his wife Bertha, to defraud or deprive plaintiffs of money deposited into a savings account. Delta Bank answered, denying all allegations and filed a third-party demand against Ben and Bertha Turner. At trial, plaintiffs’ demands were dismissed. The court found that plaintiff failed to prove the fraudulent activity alleged in the petition and found no liability on the part of Delta Bank. Additionally, the court found that the transactions in question constituted a donation inter vivos from Bernard Turner to Benjamin Turner. We affirm.
The facts of this case are simple. On July 17, 1978, savings account No. 24939 was opened in the name of Bernard Turner at the Delta Bank with the initial deposit of $300.00. Both Bernard and his son Hillary signed the original signature card authorizing either to withdraw funds from the account. Subsequently, on August 1, 1979, Bernard Turner instructed an employee of the Delta Bank to remove Hillary Turner’s name from the account and add the name of Ben Turner. Both Ben and Bernard signed the signature card. On that same day, Bernard Turner instructed Delta Bank to have funds transferred from accounts at various financial institutions to the Delta Bank. These funds amounted to $5,578.28, half of which were deposited into the savings account, the other half of the transferred amount was deposited into the checking account of Ben and Bertha Turner. The only other deposit into the savings account was $1,750.00 for an oil and gas lease. After August 1, however, several withdrawals were made by Ben Turner, resulting in a balance of approximately $540.00 at the time of trial.
On appeal, plaintiff argued that the trial court erred in ruling that there was no liability on the part of Delta Bank; that the trial court erred in ruling that Bertha and the estate of Ben Turner were not liable; and that the transaction between Bernard and Ben Turner was a donation inter vivos.
In the original petition, plaintiff alleges negligence on the part of Delta Bank and fraudulent activity on the part of the Bank, two of its employees, Ray Ansardi and Annette O’Quinn, and Ben and Bertha *680 Turner. Plaintiff contends that the trial court erred in relieving these parties from liability. We disagree. The documentary evidence presented at trial does nothing to prove the alleged fraudulent acts.
Testimony indicates that Annette O’Quinn and Ray Ansardi had nothing to do with any of the transactions involving the Turner savings account and that neither of these defendants had any contact with Hillary Turner until after his discovery of the transactions between his father and his uncle. In fact, it is apparent from the record that the only reason An-sardi and O’Quinn are included in the suit is because they are employees of the bank and had had some contact, however minimal, with Hillary Turner following his discovery of the transactions; there is no doubt that they are not liable.
Plaintiff’s claim that the trial court erred in relieving Ben and Bertha from liability is also without merit. A review of the record does not reveal any evidence to support the allegations of fraud, nor does the record reveal that any evidence was introduced to establish that Ben Turner, Bertha Turner, Ray Ansardi, Annette O’Quinn or the Delta Bank conspired to swindle or fraudulently deprive Hillary Turner or his father of the funds in savings account No. 24939.
Furthermore, the plaintiff failed to prove negligence on the part of Delta Bank. The abundant documentary evidence and testimony presented by Delta Bank illustrates that all of the transactions were done properly and in accordance with normal banking procedure. The records reflect that the original savings account No. 24939 was opened by Bernard Turner in his own name and Hillary Turner was merely a signatory to the account. At the point of the deletion of Hillary’s name, the account only had $321.45 so that if Hillary had a valid claim, it would only be for those funds. Additionally, this court agrees with the trial court that Delta Bank’s actions in deleting Hillary Turner’s name and signature from the account and adding Ben Turner’s name and signature was not illegal under LSA-R.S. 6:32 D, nor is this the factual situation anticipated by the statute. As the trial court points out, the same result could have been achieved by Bernard and Ben Turner if Bernard had closed the account and opened another in his and Ben’s name. The bank is concerned only with the legality of the withdrawals and not the disposition thereof.
Because we find no impropriety in the nature of the account, or the transactions involved therewith, we find it unnecessary to determine whether the transactions in question constituted a donation inter vivos to Ben Turner from Bernard Turner.
This court finds from the record that plaintiffs introduced no evidence to substantiate their claims.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
REDMANN, C.J., concurring.