DOUCET, Judge.
This appeal arises from a suit on a Performance and Payment Bond furnished in connection with a building contract.
Ricord Construction Co., Inc. and Cecil D. Trahan entered a building contract for a project called “CDT 9000”. Ricord was the prime contractor on the job. Floyd Breaux Painting Contractors, Inc. was a subcontractor. Aetna Casualty and Surety Co. furnished a Performance and Payment *184 Bond in connection with the building contract. The bond provided that anyone who furnished labor or material directly to Ri-cord on the project would have a direct right of action against Aetna on the bond in the claimant’s name and for its benefit subject only to Cecil D. Trahan’s priority. It contained the following provision:
“PROVIDED, HOWEVER, that no action, suit or proceeding shall be had or maintained against the Surety on this instrument unless the same is brought or instituted and process served upon the Surety within two years after completion of the work mentioned in said contract, whether such work be completed by the Principal, Surety, or Owner; .... ”
A certificate of substantial completion on the project was filed January 28, 1983. In it, the architect, Ricord and Cecil D. Trahan all certified that the entire project had been substantially completed as of January 26, 1983.
On August 1, 1984, Breaux filed suit against Aetna for amounts due it for work done on the project. Aetna filed an exception of prescription. The trial judge rendered judgment maintaining Aetna’s exception of prescription on the basis that plaintiff’s claim had perempted pursuant to the provisions of La C.C. art. 3458 et seq. Breaux appeals.
The plaintiff argues that the defendant should be held to the two year prescriptive period contracted for in the Performance and Payment bond. However, the Supreme Court has held that such contractual extensions of the prescriptive periods provided in both the Private and Public Works Act are an anticipatory renunciation of prescription and, as such, are prohibited by La.C.C. art. 3460. E.L. Burns Co., Inc. v. Cashio, 302 So.2d 297 (La.1974). Therefore, the two year prescriptive period is unenforceable.
The plaintiff further contends that the running of prescription was interrupted by the action of the contractor, Ricord, in filing for Bankruptcy. We find nothing of record, other than the assertions of counsel, which indicates that Ricord actually filed for Bankruptcy. If a party wishes the appellate court to consider the record in another case before another court, it is necessary that those documents be introduced into the record of the trial court. Pearce v. Union Bankers Insurance Co., 259 So.2d 81 (La.App.4th Cir.1972). As it is, the assertion that Ricord has filed for bankruptcy is outside the record and cannot be considered by this court. As a result, we will not address the question of whether the alleged Bankruptcy interrupted the prescription of Breaux’s claim against Aetna.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.