MARVIN, Judge.
In this appeal the sole issue is whether the receipt by a bank-subscriber of a newspaper, containing an obituary, that was routinely mailed by the publisher is notice in writing ... of the death of the customer under LRS 6:325 A, which might impose liability on the bank, after the customer's death, for honoring checks written on the account, allegedly for his own use, by the customer’s son who was authorized to write checks on the account before the customer's death.
We affirm the judgment rejecting the demands of the plaintiff-heirs of the decedent against the bank.
THE FACTS
The facts were stipulated by plaintiffs, who are eight of the nine heirs of the decedent, and by the defendant bank. The other defendant, decedent’s remaining heir, was in bankruptcy and made no appearance at trial or in this appeal.
Before his death, the decedent, M.G. Ik-erd, authorized his son, Auston, and his daughter, Dorothy, to write checks on his account in the defendant bank. After his death on September 9, 1983, decedent’s obituary was contained in the town newspaper that was published on September 14, 1983. As a subscriber to that paper, the bank received the paper in the mail. In addition to checks on decedent’s account for funeral expenses of $2,487, his son, Auston, wrote checks for his own purposes totalling $6,185. The bank honored these checks after it received the newspaper.
*705 The obituary is printed on page 10 of the 16-page section one of the newspaper under a two-column bold print headline:
Rev. M.G. Ikerd succumbs; buried in Red Wing Sunday
The text of the obituary need not be summarized.
THE LAW
Neither LRS 6:325 nor the case law defines or discusses what constitutes the notice in writing addressed to [the bank] of the death of the customer.[1] The trial court found that the newspaper addressed to the bank, as a subscriber, as a whole with the “general announcement to whomever might read that issue ... does not meet the necessary requirements [of written notice addressed to the bank]. Had the obituary been removed and mailed to the bank by direct mailing, the decision would have been different.”
We shall not attempt to reconcile LRS 6:325 requiring written notice of death to the bank, with LRS 10:4-405, which allows a bank to honor checks until it “knows of the fact of death ... and has reasonable opportunity to act on it.” The word “knows” in § 4-405 connotes actual knowledge, according to the definitions for Title 10 contained in § 1-201. The record before us only presents the issue of sufficiency of written notice under LRS 6:325.[2]
The sufficiency of written notice in other factual situations has been considered.
In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the issue was whether the beneficiaries of a common trust fund were bound by court approval of the trustee’s accounts when the only notice to beneficiaries of the filing of the accounts was given by publication in a local newspaper. Reviewing the constitutionality of the state statute there at issue, the court defined the type of notice which will satisfy the requirements of due process as
notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * *
The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. * * *
It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper’s normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when as here the notice required [by the statute] does not even name those whose *706 attention it is supposed to attract, and does not inform acquaintances who might call it to attention. In weighing its sufficiency on the basis of equivalence with actual notice we are unable to regard this as more than a feint. 70 S.Ct. at 657-658.
The court concluded that notice by publication was constitutionally adequate for beneficiaries whose addresses or interests in the trust fund were unknown to the trustee, but not for beneficiaries whose addresses and existing interests in the trust fund were known to the trustee. “The statutory notice to known beneficiaries is inadequate, not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand.” 70 S.Ct. at 660.
The Mullane guidelines for sufficiency of notice were discussed in Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984). The court found no denial of due process in LRS 23:1630, which authorizes notice of administrative decisions to be given to unemployment compensation claimants by regular mail.
Sufficiency of service of process on a nonresident under LRS 13:3204 was at issue in Tatum v. Ridgeway Properties, 348 So.2d 1323 (La.App. 3rd Cir.1977). There, a default judgment was annulled because defendant was not served with a citation, but only with the plaintiff’s original and amended petitions. Defendant had previously received some of the pleadings naming as defendant “Ridgeway Properties,” which was not a legal entity but which was the trade name defendant used in his business outside of Louisiana. Defendant’s knowledge that the suit had been filed against Ridgeway Properties did not preclude defendant from raising deficiencies in the service of process on him individually when he was later added to the suit as a defendant. Compliance with the statutory citation-notice requirements was necessary even though the individual had actual knowledge that the suit had been filed.
The type of notice contemplated by LRS 6:325 is something more than the report of a bank customer’s death contained with much other information in a local newspaper to which the bank is a subscriber. The bank is not legally obligated to subscribe to the newspaper, nor to read each issue it receives as a subscriber.
Plaintiffs presented no evidence that they were unaware of the existence of decedent’s account or of the bank’s identity. The stipulation included the fact that Auston’s sister, one of the plaintiffs, was also authorized to write checks on the decedent’s account before his death. Plaintiffs presented no evidence of any written communication from them or on their behalf about M.G. Ikerd’s death that was addressed to the bank. Although § 325 does not expressly say who is to give the written notice to the bank, it is not unreasonable to place the relatively simple burden of giving notice addressed to the bank on those who claim an interest in the funds in the account. “Notice” by routine delivery of a newspaper to a subscriber is neither adequate nor reasonable and does not specifically address the obituary to the attention of the bank.
The § 325 notice should be one that is addressed to the bank and that is reasonably calculated to direct the bank’s attention to either or both the death of a depositor and to a claim to funds in a particular account. Because of the absence of or deficiency in statutory compliance, the bank is entitled to the statutory protection. In these circumstances the bank is concerned only with the legality, and not the disposition, of the withdrawals. Turner v. Delta Bank and Trust Co., 462 So.2d 678 (La.App. 4th Cir.1984), writ denied.
CONCLUSION
At plaintiffs’ cost, the judgment is AFFIRMED.

. Section 325 reads:
A bank may deal with safety deposit boxes or money, on deposit or otherwise, and other property in its possession standing in the name of a deceased person or in which the latter had an interest in accordance with its contract with its customer until the bank receives notice in writing addressed to it of the death of the customer. After receipt of such notice in writing and upon proper authority and upon obtaining a receipt therefor, any bank may transfer the contents of a safety deposit box or any money and other property in its possession standing in the name of a deceased person or in which the latter had an interest to the succession representative, the surviving spouse, heirs, or legatees of the deceased.

. In reasons for judgment, the trial court mentioned that the bank had actual knowledge of the death because the bank had cashed some of the decedent’s certificates of deposit and some officers of the bank had attended decedent’s funeral. These “facts" were not alleged in plaintiffs’ petition and are not in the record in any form. Notwithstanding this mention by the trial court, the issue of actual knowledge was not before the trial court and is not considered by us on appeal. See Elkins v. Fireman’s Insurance Co. of Newark, N.J., 333 So.2d 455 (La.App. 3rd Cir.1976) and Floyd Breaux Painting v. Aetna Cas. & Sur., 487 So.2d 183 (La.App. 3rd Cir.1986).