DOMENGEAUX, Chief Judge.
On December 5, 1987, John Broussard was injured while riding a four-wheel all-terrain vehicle (ATV) at the Stump Hunting Club in Mississippi. The ATV was purchased by Broussard’s brother-in-law from Hub City Lawn Center, Inc. (Hub City) of Lafayette, and was manufactured by Polaris Industries, Inc., which, at the time suit was filed, had been reorganized as a limited partnership with the name, Polaris Industries, L.P. (Polaris).
On December 2, 1988, Broussard and his wife, Mona, individually and as administrators of the estate of their minor son, Dak (the Broussards), filed this products liability action against “Polaris Industries,” Hub City and Stump Hunting Club. The Brous-sards later amended their petition to add as defendants Audubon Insurance Company and General Accident Insurance Company of North America, the alleged insurers of Hub City and Stump Hunting Club, respectively. The Broussards also amended their petition to correct the misnomer regarding Polaris Industries, L.P.
Polaris Industries, L.P. filed a declinato-ry exception of insufficiency of service of process and citation and a peremptory exception of prescription. The trial court granted the former exception and dismissed Polaris from the suit without prejudice. The record does not indicate what, if any, action was taken regarding Polaris’ exception of prescription. Plaintiffs have appealed the dismissal of Polaris.
The trial court dismissed Audubon Insurance Company with prejudice after granting its declinatory exception of improper venue and its peremptory exception of prescription. Plaintiffs have also appealed this adverse ruling.
Stump Hunting Club and General Accident Insurance Company of North America were also dismissed for lack of personal jurisdiction. Plaintiffs have failed to brief the question of personal jurisdiction; therefore, we consider that appeal abandoned.
SERVICE OF PROCESS
Polaris admits that it does business within the State of Louisiana, but that it is not registered with the Secretary of State in Louisiana, nor has it designated an agent for service of process in Louisiana.
Jurisdiction over Polaris, a nonresident, can only be obtained through compliance with Louisiana’s “long arm” statute, La. R.S. 13:3201 et seq. La.R.S. 13:3204 directs that service of process on a nonresident shall be made as follows:
A. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
* * * * * *
C. Service of process so made has the same legal force and validity as personal service on the defendant in this state.
The record contains a signed receipt for registered mail delivered to the following address:
Polaris Industries
C/O Ernie Ochs, President
Hwy. 89 South
Roseau, MN 56751
Polaris admits that one of its employees, a mail clerk, signed the receipt for mail containing a copy of the petition and of the citation. It argues, however, that service of process is insufficient because of *217 certain inaccuracies in the address. First, Polaris notes that its complete name is “Polaris Industries, L.P.” Second, Polaris shows that “Ernie Ochs” is not its president, although it does employ an individual named Arnold Ochs in another capacity. Finally, Polaris contends that it should have been served at company headquarters in Minneapolis, Minnesota, rather than at its manufacturing facility in Roseau.
Polaris relies upon the case of Tatum v. Ridgeway Properties, 348 So.2d 1323 (La.App. 3d Cir.1977), which was a suit to annul a default judgment. In Tatum, the original plaintiff named as defendant “Ridgeway Properties,” which was later found to be only a name used by I. Boyd Ridgeway to conduct business. Mr. Ridge-way had never formed a corporation or any other legal entity. Plaintiff mailed a copy of the petition and citation to “Ridgeway Properties” at the address of yet a third party unrelated to the litigation, who delivered the process to Mr. Ridgeway. When Mr. Ridgeway was finally named as the defendant, the plaintiff mailed to him a copy of the petition, but failed to include a copy of the citation. Although Mr. Ridge-way, the only party who could be cast in judgment, received a copy of the citation, it was not served upon him as directed by the statute.
Unlike Tatum, the Broussards did not mail process to a fictitious entity which could not be cast in judgment. Polaris admits that the name on the return receipt is that of one of its employees. Although Polaris does not give us the address of its manufacturing facility in Roseau, we believe this admission sufficiently establishes that the process was sent to the correct address.
Nor is this the situation where two distinct legal entities have similar names and plaintiff has mistakenly served the wrong one. Polaris Industries, L.P. is the only entity which could be responsible to the plaintiffs as manufacturer of the allegedly defective ATV. Polaris Industries, Inc., the corporation which manufactured the ATV on February 5, 1986, was succeeded by Northwest Equipment Corporation on September 9, 1987. On October 27, 1988 Northwest Equipment Corporation entered into voluntary liquidation; its successor was Polaris Industries, L.P. Considering the above, we find the Broussards sufficiently complied with La.R.S. 13:3204, by mailing a certified copy of the petition and citation to the defendant.
Even if we agreed with the trial judge that service of process was insufficient, the dismissal of Polaris under the circumstances of this case was clear error.
La.C.C.P. art. 932 provides in part:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of the plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by court.
Under this article, which is phrased in mandatory language, the Broussards should have been given the opportunity to effectuate proper service of process within a reasonable period of time, particularly when considering that timeliness of service is not at issue in this case. (It is undisputed that no attempts at service were made before the one year anniversary of the accident).[1]
For the above reasons, the judgment sustaining the exception of insufficiency of service of process and citation is reversed.
VENUE
Audubon Insurance Company, the alleged insurer of Hub City Lawn Center, Inc., contends venue in the plaintiffs’ domicile of Iberia Parish is improper as to its insured, a Louisiana corporation domiciled in Lafayette Parish. Because plaintiffs’ suit was filed in a court of improper venue, *218 Audubon argues, it did not interrupt prescription as to Hub City. Plaintiffs respond that venue is proper under La.C.C.P. art. 73 because Hub City, the distributor of the allegedly defective ATV, is solidarily liable with the manufacturer, Polaris, a nonresident subject to venue in the plaintiffs’ domicile under La.R.S. 13:3203.
At the time plaintiffs filed suit, La.C.C.P. art. 73 provided, in part:
An action against joint or solidary obli-gors may be brought in any parish of proper venue, under Article as to any obligor who is made a defendant.
In Boeck v. Performance Toyota of Louisiana, 562 So.2d 458 (La.App. 5th Cir.1990), this reference to Article 42 was interpreted to include La.R.S. 13:3203 as an exception “otherwise provided by law” under La.C.C.P. art. 43.[2] Boeck held that a Louisiana defendant, domiciled in a parish other than the plaintiff, could be sued in the plaintiffs domicile if that defendant was solidarily liable with a nonresident defendant sued under the “long arm” statute. This result has since been codified by the legislature.[3]
Although we conclude this legislative amendment is not applicable to this case, the jurisprudence interpreting former Article 73 is. See Boeck; Neil v. Teledyne Movible Offshore, Inc., 530 So.2d 1 (La.App. 1st Cir.1988), writ denied, 533 So.2d 971 (La.1988). Therefore, if Hub City and Polaris are solidary obligors, then venue is proper in Iberia Parish.
Audubon next argues that the plaintiffs’ petition fails to allege any facts that would support a finding of solidarity between Hub City and Polaris.
Under Louisiana products liability law, the nonmanufacturer seller of a defective product is responsible for damages in tort, only if he knew or should have known that the product sold was defective and failed to declare it. LeBleu v. Homelite Division of Textron, Inc., 509 So.2d 563 (La.App. 3d Cir.1987). The good-faith seller, i.e., the seller who had neither actual nor constructive knowledge of the defect, and who is not presumed, in the capacity of a manufacturer, to have had knowledge of the defect is bound only to return the purchase price together with the expenses of the sale. La.C.C. art. 2531; Martin v. Henderson, 505 So.2d 192 (La.App. 3d Cir.1987).
Because the ATV was purchased by a third party, these plaintiffs have no cause of action for a return of the purchase price. Thus, solidarity between Hub City and Polaris exists only if Hub City had knowledge of the defective condition of the ATV and failed to disclose it or if, for some other reason, Hub City should be treated as a manufacturer. Audubon contends, and we agree, that the plaintiffs’ petition fails to allege any basis of solidarity between Hub City and Polaris.'
Although we agree that the plaintiffs’ petition is deficient in this regard and, as it presently reads, does not support a finding of proper venue under Article 73, we do not find this defect warrants the dismissal of the plaintiffs’ claim as to Hub City or Audubon. Under La.C.C.P. art. 932, the plaintiffs should have been given a reasonable time to amend their petition in good faith. See Ticheli v. Silmon, 304 So.2d 792 (La.App. 2d Cir.1974), where the court permitted the plaintiff to cure a similarly defective petition by amendment under the authority of Article 932. Until the venue question is resolved, any action regarding Audubon's exception of prescription is premature.
*219 DECREE
For the above and foregoing reasons, the judgment sustaining the exception of insufficiency of service of process and citation in favor of Polaris Industries, L.P. is reversed. The judgment sustaining the exception of venue in favor of Audubon Insurance Company is affirmed in part, but reversed insofar as it dismisses Audubon with prejudice. The matter is remanded with instructions to the trial judge to permit the plaintiffs to amend their petition, in good faith, within a reasonable period of time. The judgment sustaining the exception of prescription in favor of Audubon is reversed.
Costs of this appeal are assessed to ap-pellees, Polaris Industries, L.P. and Audubon Insurance Company.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Although not before us at this time, an interesting question presented by this case, should venue be improper as to Hub City, is whether the petition naming as defendant "Polaris Industries” interrupted prescription as to "Polaris Industries, L.P.” See Peyton v. Torg Films Co., 370 So.2d 613 (La.App. 4th Cir.1979) and Hensgens v. Deere & Company, 869 F.2d 879 (5th Cir.1989), cert. denied, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).

. La.C.C.P. art. 43 provides:
The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law.

. La.C.C.P. art. 73 now reads in part:
A. An action against joint or solidary obli-gors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or soli-dary obligors may be brought in the parish where the plaintiff is domiciled if the parish of the plaintiff’s domicile would be a proper venue against any defendant under either Article 76 or R.S. 13:3203.