385 So.2d 307 (1980)
Richard E. SMITH and Mary A. Smith
v.
CROWN ZELLERBACH CORPORATION and Liberty Mutual Insurance Company.
No. 13188.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
*308 John N. Gallaspy, of Gallaspy & Paduda, Bogalusa, for plaintiffs.
Bruce J. Borrello, of Borrello & Huber, Metairie, for defendant.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
This is a suit by Richard E. Smith and Mary A. Smith, his wife, for damages for personal injuries suffered by Mrs. Smith, and special damages suffered by Mr. Smith in an automobile accident. Defendants are Crown Zellerbach Corporation and Liberty Mutual Insurance Company, its liability insurer. After trial on the merits, judgment was rendered in favor of plaintiffs and against defendants, and defendants have appealed.
Mrs. Smith's vehicle, which she was operating, was stopped in traffic when she was struck from the rear by a pickup truck owned by Crown and operated by Percy Adams. Mr. Adams testified that when he attempted to stop, the brakes on the truck did not function and he struck the Smith vehicle. He testified that he had stopped several times just before the accident, and that the brakes had functioned properly.
In ruling on the case, the trial judge said:
"Plaintiff, Mary Smith, was injured when the car she was driving was struck from the rear by a truck while stopped for traffic. The truck was owned by Crown Zellerbach Corporation, and was driven by its employee, Percy Adams. The truck had a sudden brake failure, unanticipated by the driver, who was unable to avoid the collision. The driver was not negligent. Neither was the plaintiff. Under the jurisprudence of this state for many years this would be a case of no liability. Cf. Cartwright v. Firemen's Ins. Co. of Newark, 254 La. 330, 223 So.2d 822 (1969). However, it is apparent from the language of the Supreme Court of this state in Arceneaux v. Domingue, 365 So.2d 1330 ([La.]1978) that true sudden brake failure cases from this point on will be decided under the doctrine of Loescher v. Parr, 324 So.2d 441 ([La.]1975). Consequently, the owner or guardian of an instrumentality which causes harm can escape liability only if the victim was at fault. There is therefore liability in this case on the part of Crown Zellerbach Corporation, the owner of the vehicle which had a sudden brake failure."
In this court, defendants claim that the trial judge erred in applying the Arceneaux rationale, and that of Loescher v. Parr, supra, to the instant case, alleging the Arceneaux case to be distinguishable on its facts.
We see no inconsistency in the Loescher and Arceneaux opinions. The owner of a motor vehicle does not create an unreasonable risk of harm to others because he permits a qualified third party to operate it. If the negligence of that third party causes an accident, the owner is not liable. If, however, the accident results from a defect in the vehicle, whether apparent or not, it is the owner who is responsible to the injured party. The unreasonable risk of harm to others caused by the defect is the basis for his liability. In this case, in which the brakes of the vehicle failed without warning, the trial judge correctly found the owner of the vehicle to be liable.
Defendants also allege that the general damages of $5,000.00 awarded to Mrs. Smith are excessive. The accident happened on November 12, 1975. Mrs. Smith *309 suffered injuries to the soft tissues of her neck and upper back. At the time of trial on March 8, 1979, she testified that she was still having some pain as a result of the injury. The expert medical evidence, however, could not relate her symptoms to the accident after August, 1976. Mrs. Smith was not hospitalized, missed only one day of work, and her injuries were characterized by the treating orthopedist as mild. We think the award of $5,000.00 is rather high, but within the great discretion accorded to trial judges in fixing damage awards.
The judgment appealed from is therefore affirmed, at defendants' cost.
AFFIRMED.