ALFORD, Judge.
This is an appeal from a judgment in favor of plaintiff, Eunice Hughes, and against defendant, Glyndal Flynn, in the amount of $1,837.03 for damage to her vehicle suffered in an automobile accident between plaintiff and defendant’s minor step-son, David Gerald. The judgment also dismissed defendant’s reconventional demand against plaintiff.
This action arose out of an automobile accident which occurred on July 28, 1983, on Florida Boulevard, a four-lane highway in Denham Springs, Louisiana. Plaintiff had come to a complete stop in the inside lane of the eastbound traffic in an attempt to make a left turn. David, who was traveling in the same lane of traffic as plaintiff, realized that plaintiff’s vehicle was stopped and attempted to pass on the left side of her vehicle. He was unable to avoid a collision and struck plaintiff’s vehicle on the left side as she began to turn, causing damage to her car. The truck driven by David was owned by defendant and was not covered by insurance.
After the accident, defendant attempted to reach an agreement with plaintiff whereby he would have her car repaired. Plaintiff felt that they had not reached an agreement and had the car repaired at a repair shop of her choice.
She later filed suit against defendant as owner of the truck driven by David Gerald, seeking damages for the physical damage *1046 to her car.[1] Defendant filed a reconven-tional demand asserting that they had entered into a oral contract whereby he would have plaintiffs car repaired. He contended that he had ordered parts to have the car repaired and that plaintiff breached the oral contract by having the car repaired elsewhere. Defendant sought reimbursement for the amount that he spent on the parts.
After trial on the merits, the trial court held in favor of plaintiff on both the main and reconventional demands.
Defendant appealed assigning the following specifications of error:
1. The trial court erred in finding liability on the part of appellant simply because of his ownership of one of the vehicles involved in an accident.
2. The trial court erred in failing to find that appellant and appellee entered into an oral contract to repair the vehicle of appellee.
3. The trial court erred in not granting appellant in his reconventional demands, damages for breach of contract in the amount of $246.06 for the expenses incurred in preparation of fulfilling a contracted agreement.
SPECIFICATION OF ERROR # 1
Defendant contends that the trial court erred in finding that his step-son had permission to use the truck and thus holding him liable. Defendant, his wife and David all testified that David did not have permission to drive on the date of the accident. The trial court stated that all witnesses were testifying in their own best interest and that he must look through their testimony to evaluate it. It is well settled that the trier of fact actually hearing and observing the witnesses give live testimony is in a better position to evaluate the credibility of the witnesses than a reviewing court on the intermediate level, which at best can only study the written words on a cold record. Kikendall v. American Progressive Ins. Co., 457 So.2d 53 (La.App. 1st Cir.1984). We cannot say that the trial court was clearly wrong in finding that David had consent, either express or implied, to drive the truck.
Both plaintiff and defendant agree that the law applicable in the present case was set forth in Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960). In that case, the court stated:
... the rule is well settled that the owner of an automobile is not liable for damages caused while his car is being operated by a third person with his knowledge and consent unless he was present or the third person was his agent, servant or employee and was acting at the time of the accident within the scope of his agency or employment.
Applying that rule of law to the present case, we find that defendant is not liable for the damage caused by his stepson. Although David may have had permission to drive the truck, clearly defendant was not with him, nor was David acting as an agent, servant or employee on behalf of defendant. David had been looking for a job at the time of the accident. On that day, he decided to do so totally without the knowledge of defendant, who was in Texas at the time of the accident. For this reason, we find that the trial court erred in holding defendant liable to plaintiff and reverse that part of the judgment.
SPECIFICATION OF ERROR # 2
Defendant contends that the trial court erred in failing to find that he and plaintiff had entered into an oral contract to repair the vehicle. La.Civ.Code art. 1779 provides:[2]
Four requisites are necessary to the validity of a contract:
1. Parties legally capable of contracting.
2. Their consent legally given.
*1047 3. A certain object, which forms the matter of agreement.
4. A lawful purpose.
At trial, plaintiff repeatedly testified that there was no agreement reached with defendant concerning the repair of the car. Defendant testified that they had reached an agreement. The burden was on defendant to prove a valid oral contract. Becnel v. Montz, 384 So.2d 1015 (La.App. 4th Cir. 1980). It is a well settled principle that no contract can arise until the parties have consented and agreed to its terms. La.Civ. Code art. 1798.
In light of the conflicting testimony, we cannot say that the trial court was clearly wrong in holding for plaintiff. Apparently the trial court believed the testimony of plaintiff and was of the opinion that there was no agreement and thus no oral contract. Because we agree with the trial court that there was no oral contract, we need not address defendant’s Specification of Error No. 3.
Therefore, for the foregoing reasons, we reverse that part of the judgment awarding plaintiff $1,837.03. The judgment is affirmed in all other respects. Costs of this appeal are to be borne equally by plaintiff and defendant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. It is noted that plaintiff did not sue defendant or anyone else as administrator of the estate of the minor child, David Gerald.

. References to the Civil Code in this opinion relate to its appearance prior to its revision by Acts 1984, No. 331, § 1.