513 So.2d 304 (1987)
Jesse WILSON, Jr.,
v.
Salaris G. BUTLER and O'Neal Bosley (Now Claiming to be O'Neal "Elmo" Bosley).
No. CE/87/1126.
Court of Appeal of Louisiana, First Circuit.
August 14, 1987.
*305 Milton Osborne, Jr., Baton Rouge, for plaintiff-appellant, Jessie Wilson, Jr. Joseph B. Dupont, Sr., Plaquemine, for defendant-appellee, Salaris G. Butler.
L. Phillip Canova, Jr., Plaquemine, for O'Neal Bosley (now claiming to be O'Neal "Elmo" Bosley).
Before SAVOIE, LANIER, CRAIN, LeBLANC and CHIASSON[*], JJ.
SAVOIE, Judge.
This is a suit involving an objection to candidacy. Plaintiff Jesse Wilson, Jr., a qualified elector of Police Jury District Six, Parish of Iberville, State of Louisiana, has filed suit against two individuals who have qualified as candidates to run for the District Six Police Jury seat. One defendant is Salaris G. Butler, who plaintiff alleges should be disqualified for two reasons. One, he used the name Salaris "Sal" Butler on his certificate attached to the Notice of Candidacy form. Two, he has been residing in District Six for less than one year prior to the date he qualified as a candidate (July 22, 1987).
The other defendant is O'Neal Bosley, who plaintiff alleges should be disqualified for similar reasons. One, he represented himself to be O'Neal "Elmo" Bosley on the Notice of Candidacy form he signed on July 23, 1987. Two, he has always, and is presently, residing outside of District Six.
Various exceptions and objections to discovery were filed by the parties. The matter was tried on August 6, 1987. The trial court found plaintiff failed to prove that either of the two candidates had not been domiciled in the appropriate district for one year prior to the qualifying dates. As to the objection concerning the use of "nicknames", the court found the candidates were entitled to use nicknames if they desired. The case was accordingly dismissed at plaintiff's costs. Judgment was signed on August 7, 1987; an order for appeal was obtained that same day; a return date of August 12, 1987 was set; the record was lodged with this court on August 12, 1987; and the matter was set for oral argument on August 14, 1987; all in accordance with *306 the delays set forth in Louisiana Revised Statutes 18:1409.[1]
Appellant raises two issues on appeal. The first is whether or not the trial court erred in finding that appellees qualified for the primary election in the manner prescribed by law. This argument relates to the objection to the use of nicknames.
Louisiana Revised Statutes 18:463 A(1) sets forth the requirements for a notice of candidacy and specifically states as follows:
... The candidate shall designate in the notice the form in which his name shall be printed on the ballot. The candidate may designate his given, first, and middle name, the initials of his given, first, and middle name, a nickname, or any combination thereof as the form in which his name shall be printed on the ballot, but he shall not designate a deceptive name. If the candidate designates a nickname in place of or in combination with his given name or the initials thereof, the nickname shall be set off with quotation marks and shall be placed immediately preceding his surname. (Emphasis added)
The trial court noted this statute (without specifically citing it) and concluded the candidates had done nothing improper. Plaintiff had further argued that in addition to it being improper to use the nicknames when stating the name on the form, it was improper for them to actually sign their names (on the form), using the nickname. We agree with the trial court there is no merit to this argument. As the court said, "A person's signature is the way he writes his name, and if this is the way they write their name (sic) I don't think that anybody can contest that." Therefore, we find no error in this aspect of the ruling.
The second issue raised by appellant is that the candidates should be disqualified because they have not been domiciled in Iberville Parish Police Jury District Six for at least one year prior to the dates they qualified.
The law requires a police juror to have actually been domiciled for one year preceding the date of qualifying in the district for which he seeks election. See Louisiana Constitution article III, Section 4 and Louisiana Revised Statutes 33:1225.
Civil Code article 38 defines domicile as follows:
"The domicile of each citizen is in the parish wherein he has his principal establishment.
"The principal establishment is that in which he makes his habitual residence; if he resides alternatively in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected."
Civil Code article 41 deals with a change of domicile:
A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there.
Article 42 provides a written method to express an intent to change domicile and article 43 says that if the written declaration is not made, "the proof of this intention shall depend upon circumstances".
It is clear under the jurisprudence of this state that residence and domicile are not synonymous. A person can have several residences but only one domicile. Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965). A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home. Successions of Rhea, 227 La. 214, 78 So.2d 838 (1955).
The phrase "actually domiciled" in Art. III § 4 the Constitution requires that one holding office have a real rather *307 than fictitious domicile in the area represented. Messer v. London, 438 So.2d 546 (La.1983). Any doubt as to a candidate's domicile should be resolved in favor of allowing a candidate to run for public office. Slocum v. DeWitt, 374 So.2d 755 (La.App. 3d Cir.1979) writ denied, 375 So.2d 1182 (La.1979). Further, laws governing the conduct of elections should be liberally interpreted so as to promote rather than defeat candidacy. Rich v. Martin, 259 So.2d 113 (La.App. 1st Cir.1971), writ denied, 261 La. 313, 259 So.2d 336 (1972). The burden of proof is on the party contesting it. Messer, supra.
After carefully reviewing the 250 pages of testimony taken at the hearing on this matter, we are satisfied that the trial court did not err in finding in favor of defendants. The plaintiff has failed to prove that either of the two candidates was not domiciled in District Six for the required period of time. We adopt the trial court's oral reasons as our own. Costs are to be paid by appellant.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.
[1] Attorney for defendant/appellee Butler has filed a motion to dismiss the appeal because the matter was not timely lodged. We find absolutely no merit to this motion and hereby deny it. See La.R.S. 18:1409 and Code of Civ.P. art. 5059.