In Re: J.A.R. Carr, et al., applying for supervisory writs, Thirty-Second Judicial District Court, Parish óf Terrebonne, No. 90,131.
WRIT DENIED. As to the declinatory exception raising the objection of improper venue, we note that Earl Paul Neil, a resident of Terrebonne Parish, Louisiana and an employee of Teledyne Movible Offshore, Inc. (Movible), was injured while working as a seaman and member of the crew of the Movible DB-3 in the Gulf of Mexico off the coasts of Louisiana and Texas. Made defendants are Teledyne, a Delaware corporation with its principal business establishment in Lafayette Parish; Certain Underwriters at Lloyd’s London and Lloyd’s of London (Underwriters), foreign insurers who have appointed the Secretary of State of Louisiana in East Baton Rouge Parish as their agent for service of process; and H.B.L. Industries (HBL) and Brevini, Inc. (Brevini), foreign corporations not licensed to do business in the State of Louisiana.
Suit was filed in Terrebonne Parish, and H.B.L. and Brevini were served with process and venue was alleged to be in Terre-bonne Parish pursuant to the Long Arm Statute and La.R.S. 13:3203.
Teledyne, H.B.L., and Underwriters, acting through J.A.R. Carr, each filed the declinatory exception raising the objection of improper venue. Underwriters also filed a peremptory exception raising' the objection of no right of action.
We conclude venue is proper in Terrebonne Parish. Kellis v. Farber, 523 So.2d 843 (La.1988). La.Code Civ.P. art. 43 provides that “[t]he general rules of venue provided in Article 42 are subject to the exceptions ... otherwise provided by law.” La.R.S. 13:3203 provides an exception to article 42 when it provides venue of the plaintiff’s domicile. Under article 73, “[a]n action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.”