SAVOIE, Judge.
This case presents a venue issue. Plaintiffs Donald A. Ross and Henry W. Ross filed suit against defendants Clarence and Patsy Schultz and their liability insurer, United Services Automobile Association (USAA), and against Enrique Bodden and his insurer, American National Agents Insurance Company (ANAIC). Plaintiffs seek to recover damages for injuries they allegedly sustained on April 11,1986, when rear-ended by two vehicles — one driven by Mrs. Schultz and owned by her husband, Mr. Schultz, and one driven by Bodden. Plaintiffs filed suit on November 12, 1986 in Tangipahoa Parish and in their petition, they alleged that they are domiciled in Tan-gipahoa Parish; that the Schultzes reside in and are domiciled in San Antonio, Texas; that Bodden is domiciled in Orleans Parish; that USAA and ANAIC are foreign insurers authorized to do business in Louisiana; and that the accident occurred in Jefferson Parish. Because plaintiffs alleged that the Schultzes were Texas domiciliaries and residents, they used the long-arm statute to obtain personal jurisdiction and venue. LSA-R.S. 13:3201(A)(3) and 13:3203.[1]
The Schultzes and USAA filed a declina-tory exception of improper venue which was denied by the trial court.[2] From this judgment the Schultzes and USAA suspen-sively appeal. See Belser v. St. Paul Fire & Marine Insurance Co., 492 So.2d 198 (La.App. 1st Cir.1986).
In the trial court and on appeal, the Schultzes and USAA contend that the Schultzes were both Louisiana and Texas residents and therefore, because they were Louisiana residents, the long-arm statute should not apply. Plaintiffs contend that because both Schultzes were Texas residents, use of the long-arm statute was proper.
After hearing testimony and receiving evidence on the exception of improper venue, the trial court found that Mrs. Schultz was domiciled and resided in San Antonio, Texas, and that Mr. Schultz was domiciled in Texas and resided in Jefferson Parish in Louisiana.
In Gowins v. Go-wins, 466 So.2d 32, 34-35 (La.1985), the Louisiana Supreme Court distinguished domicile and residence:
Domicile and residence are two separate concepts. Domicile includes residence but it also includes the added element of an intent to make the residence one’s principal establishment. LSA-C.C. art. 38;3 A person can have several places of residence but only one place of residence can be the domicile.
3 LSA-C.C. art. 38 provides:
The domicile of each citizen is in the parish wherein he has his principal establishment. The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not *127 declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interest are thereby affected.’
(Citations omitted). See also, Wilson v. Butler, 513 So.2d 304 (La.App. 1st Cir.1987).
“The word ‘residence’ although in common usage is nevertheless nebulous in meaning, has many definitions and is difficult of exact or satisfactory interpretation inasmuch as the term is flexible and somewhat obscure and ambiguous.” Harrison v. Commission Council of Bogalusa, 169 So.2d 159, 163 (La.App. 1st Cir.1964) (Citations omitted). “Residence may be acquired by the mere act of living in a locality with the intention of making it one’s residence or a place of one’s habitual, but not necessarily continuous, abode.” 169 So.2d at 163.
At the hearing, Mr. Schultz testified that in 1981, he was stationed in Louisiana by the U.S. Navy; he resided on a Navy base in Louisiana from 1981 until April 1, 1986, when he retired from the Navy.[3] Mr. Schultz then rented a townhouse in Jefferson Parish and on April 8, 1986, he began working for Avondale Shipyards.
Mr. Schultz said that he owned a home in San Antonio, Texas, where his wife and three children lived; they came to Louisiana to stay with him for about thirty days per year, and did keep toys and clothes in his townhouse. Mr. Schultz spent about two to two and a half months per year at his San Antonio home.
Mr. Schultz was licensed to drive and registered to vote in Texas; the three cars belonging to the Schultzes were registered in their names in Texas; all of these documents, in addition to the Schultzes’ federal income tax return for 1986, showed their address as their home in San Antonio, Texas. Mr. Schultz filed an income tax return in Louisiana for the first time in 1986 on a form entitled “Nonresidents and Residents For Only A Part Of The Year.” He owned a boat registered in Louisiana and had a resident’s fishing license for July 1, 1986 through June 30, 1987. Mr. Schultz received mail at both his Texas and Louisiana addresses. He also had checking accounts in both Louisiana and Texas.
We note that the checks written on the Louisiana account were signed only by Mr. Schultz although the account was in both his and Mrs. Schultz’s name. Mrs. Schultz did not testify, nor was her driver’s license or voter registration card submitted into evidence despite the fact that the plaintiffs had filed a motion to produce requesting these documents.
After a review of the record, we can not say that the trial court’s factual findings are manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). If the grounds for an objection of improper venue do not appear on the face of a plaintiff’s petition, the burden is on a defendant to offer evidence in support of his position. Vital v. State, 522 So.2d 151, 152 (La.App. 4th Cir.), writ denied, 526 So.2d 806 (La.1988) (Citations omitted). In the case at bar, because the grounds for the exception do not appear on the face of the plaintiffs’ petition, the defendants had the burden to offer evidence in support of their exception. The defendants did prove that Mr. Schultz was a Louisiana resident; however, they failed to prove that Mrs. Schultz was not a Texas resident or domiciliary.[4]
*128 Based on the factual findings, the long-arm statute and its venue provisions do not apply to Mr. Schultz because at the time suit was filed, he was a Louisiana resident. According to LSA-R.S. 13:3206, “[a]s used in R.S. 13:3201 ..., ‘nonresident’ includes an individual, ... who at the time of the filing of the suit is not domiciled or residing in this state-” (Emphasis ours).
However, use of the long-arm statute is appropriate as to Mrs. Schultz, a Texas resident and domiciliary. As to Mrs. Schultz, venue at the plaintiffs’ domicile is proper under LSA-R.S. 13:3203. Because plaintiffs alleged that Mrs. Schultz was solidarity liable with the remaining defendants, LSA-C.C.P. art. 73 setting forth venue for solidary obligors would apply.[5] According to LSA-C.C.P. art. 73, in pertinent part, “[a]n action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.” This court in Neil v. Teledyne Movible Offshore, Inc., 530 So.2d 1 (La.App. 1st Cir.1988) found that venue in the parish of the plaintiff's domicile was proper where the plaintiff sued two defendants under the long-arm statute who were allegedly solidarity liable with other resident defendants. This court based its ruling on Kellis v. Farber, 523 So.2d 843 (La.1988), wherein the supreme court held that the reference to LSA-C.C.P. art. 42 in LSA-C.C.P. art. 73 includes statutory exceptions to the general venue rule. This court then reasoned that LSA-R.S. 13:3203 “provides an exception to Article 42 when it provides venue of the plaintiff’s domicile.” Neil, 530 So.2d at 2. Thus, because venue in the parish of the plaintiff’s domicile was proper as to the two non-resident defendants, venue was proper as to the remaining solidarity liable defendants.
The case at bar presents a similar situation to that in the Neil case. Because venue is proper as to Mrs. Schultz it is also proper as to the remaining defendants with whom she may be solidarity liable.
For the above reasons, the judgment of the trial court denying the exception of improper venue filed by the Schultzes and USAA is affirmed at appellants’ cost.
AFFIRMED.

. Plaintiffs filed suit in the parish of their domicile based on the use of the long-arm statute. LSA-R.S. 13:3203 states: "A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domi-ciled_” The pertinent provisions of LSA-R. S. 13:3201 are as follows:
§ 3201. Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

. Bodden and ANAIC also filed an exception of improper venue contending that venue was improper in Tangipahoa Parish because none of the defendants were domiciled there, nor did the accident occur there. The plaintiffs contended the venue was proper because under LSA-C.C.P. art. 73, an action against solidary obligors can be brought in any parish which is proper as to any one obligor; because LSA-R.S. 13:3201(A)(3) was the basis for jurisdiction as to the Schultzes, LSA-R.S. 13:3203 allows plaintiffs to file suit in the parish where they are domiciled. The trial court denied defendants' exception.

. Plaintiff has cited two cases in brief in support of the proposition that a person inducted into the military service retains his residence in the state from which he was inducted until he has abandoned it and established a new residence elsewhere. Spring v. Spring, 210 La. 576, 27 So.2d 358 (1946); Walcup v. Honish, 210 La. 843, 28 So.2d 452 (1946).
In Spring and Walcup, the courts also held that simply living in a state under military compulsion in the absence of any act showing an intention to establish a residence is not suffi-clent to make one a resident of that state. Spring, 27 So.2d at 359; Walcup, 28 So.2d at 454. While these principles are correct, they are not applicable to this case because at the time of the accident and at the time of filing suit, Mr. Schultz was retired from the Navy.

. Defendants on oral argument contended that the law provides that the residence of the wife is the residence of the husband. This contention has no merit. LSA-C.C. art. 39 was amended in 1985 to delete the language that “[a] married *128 woman has no other domicile than that of her husband_” (Emphasis ours).

. One of plaintiffs’ allegations of negligence is that defendants allowed "an incompetent driver to operate an inherently dangerous instrumentality upon the highways of this state the remaining allegations concern acts of negligence by the drivers while operating the vehicles, i.e., failing to maintain a proper lookout.
Both drivers, Bodden and Mrs. Schultz, may be solidarity liable if their acts of negligence combined to cause the accident. LSA-C.C. art. 2324. Mr. Schultz may be solidarity liable with Mrs. Schultz if the accident was due to a defect in the vehicle driven by Mrs. Schultz and owned by both Schultzes. See Smith v. Crown Zellerbach Corp., 385 So.2d 307, 308 (La.App. 1st Cir.1980). Mr. Schultz can not be held liable for the negligence of Mrs. Schultz unless she was his “agent, servant or employee and was acting at the time of the accident within the scope of his [her] agency or employment.” Hughes v. Flynn, 489 So.2d 1044, 1046 (La.App. 1st Cir.1986).