Dear Mr. Rush:
We are in receipt of your opinion request dated May 14, 1992 directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
In your letter dated May 14, 1992, you state that an alderman of the City of Oakdale was elected from and represents a single district. This alderman has physically moved out of his district, but maintains his residence within the Oakdale corporate limits. The facts related raise the issue of whether or not the alderman's actions have created a vacancy in his office. Further, You inquire as to the appropriate action to be taken by the Board of Aldermen if it is determined that a vacancy exists.
The Town of Oakdale is a Lawrason Act municipality and the provisions of LSA-R.S. 33:321, et. seq. apply. LSA-R.S. 33:385
lists the qualifications for the office of alderman and states, in pertinent part:
 "The qualifications of the aldermen shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards. LSA-R.S. 33:385(A); (Emphases added).
LSA-R.S. 18:581 defines the term "vacancy" in an elective office and provides, in pertinent part:
 "A. `vacancy' occurs in an elective office . . . when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding." LSA-R.S. 18:581(1); (Emphasis added).
Article VIII, Section 13 of the 1921 Louisiana Constitution provided that an alderman's office would become vacant should the incumbent move from the district or ward from which he was elected. Although this provision was not carried forward in the 1974 Constitution, we are of the opinion that this requirement has been retained by statute.
One of the qualifications of any alderman in a Lawrason Act municipality is that the alderman remain a resident of the ward from which he is elected. See Attorney General Opinion Number 80-1171. An alderman who maintains his residence within the corporate limits but outside the territorial boundaries of the ward from which he is elected fails to meet this statutory requirement. We are further of the opinion that the term "ward" as used in LSA-R.S. 33:385(A) encompasses the term "district". This conclusion is supported by the provisions of LSA-R.S.18:2(6), which defines "voting district" as follows:
 "Voting district" means a geographical area composed of one or more precincts in a parish in which every elector within that area votes in the same congressional district, statewide board or commission district, judicial district, Senate District, House of Representative District, parish governing authority district, local and ward office district. municipal office district, and all other special election districts." (Emphasis added).
This office has previously stated that when a local official moves from the district from which he is elected, the local governing authority may declare the office vacant. See Attorney General Opinion Numbers 80-1171 and 77-1172, copies of which are attached.
From your letter we assume the alderman has moved his domicile outside the district. It is important to note that the terms "residence" and "domicile" are not synonymous. A person can have several residences, but only one domicile. Wilson v. Butler, 513 So.2d 304 (La.App. 1st Cir. 1987). The fact that a residence is maintained for political purposes does not itself prevent the residence from being actual and bona fide. However, there must be actual, physical use or occupation of quarters for living purposes before residence is established.
Williamson v. Village of Baskin, 339 So.2d 474 (La.App. 2d Cir. 1977); writ den.: 341 So.2d 1126 (La. 1977). For this reason, the Board of Aldermen of Oakdale as governing body must carefully consider whether the alderman in question retains a residence within the district.
If the determination is made by the Board of Aldermen that the alderman in question no longer meets the statutory residency requirements, the Board of Aldermen has cause to declare the position vacant. See Attorney General Opinion Number 81-315, attached. The alderman's position does not become vacant merely because the official has moved; the vacancy must be declared by the Board of Aldermen or a court. Williamson. supra.
LSA-R.S. 33:385(B) dictates that the provisions of LSA-R.S.18:602 be followed where a vacancy in the office of alderman is declared. The Board must appoint a Person to fill the vacancy who meets the qualifications of the office. The appointment must be made within ten days of the vacancy. LSA-R.S. 18:602(A). If the unexpired term exceeds one year, the board must issue a proclamation calling for a special election to fill the vacancy and replace the temporary appointee. This proclamation also must issue within ten days of the vacancy.
In summary, the Board of Aldermen must examine all facts presented in accordance with the authority cited herein and determine whether the alderman in question meets the residency requirements mandated by LSA-R.S. 33:385. Should the Board declare that a vacancy has occurred, the Board must then timely appoint a qualified individual to fill the position, and issue a proclamation calling for a special election, if the circumstances so require.
We hope this interpretation of the law will be helpful to you. Should You have further questions regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams