676 So.2d 223 (1996)
Stephen E. JEWELL
v.
DUDLEY L. MOORE INSURANCE CO., et al.
No. 95 CA 2453.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
*224 Donald Cazayoux, Jr., John Wayne Jewell, New Roads, Neil Sweeney, Baton Rouge, for Plaintiff-Appellee, Stephen E. Jewell.
Emile C. Rolfs, Douglas K. Williams, Luis A. Leitzellar, Baton Rouge, for Defendants-Appellants, Dudley L. Moore Insurance Co., et al.
Before CARTER and PITCHER, JJ., and WILLIAM F. KLINE, Jr.,[1] J. Pro Tem.
WILLIAM F. KLINE, Jr., Judge Pro Tem.
Defendants, Dudley L. Moore Insurance Company, Inc., Windsor Group, Inc., American Premier Underwriters, Inc., Michael D. Krause, John W. Mullen, Anthony L. Campo, and Pamela S. Meyers, appeal the judgment of the district court which overruled their declinatory exception pleading the objection of improper venue.
Plaintiff, Stephen E. Jewell, filed suit against defendants in May, 1994,[2] for damages for mental injury arising from his employment with the defendant companies. In his petition, plaintiff asserted that he was domiciled in Pointe Coupee Parish, and that, with the exception of defendant, Dudley L. Moore Insurance, Inc., all defendants were nonresidents. Plaintiff further stated that the nonresident corporations did not appoint agents for service of process in Louisiana. Defendants raised a declinatory exception pleading the objection of improper venue, which was overruled by the trial court.[3]
Plaintiff argues that venue is proper in Pointe Coupee Parish because the nonresident defendants were served pursuant to the long arm statute, La.R.S. 13:3201, and La. R.S. 13:3203 allows suit on a cause of action brought via the long arm statute to be brought in the parish of plaintiff's domicile. Plaintiff also relies on La.C.C.Pr. art. 73 to allow suit against the resident defendant who is a solidary obligor.
Louisiana Revised Statute 13:3203 provides:
A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue under any provision of the Louisiana Code of Civil Procedure other than Article 42.
Louisiana Code of Civil Procedure article 73, in pertinent part, states:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
Defendants do not argue that service via the long arm statute was improper. Defendants base their exception and appeal on two contentions. First, defendants argue that plaintiff was not a domiciliary of Pointe Coupee Parish at the time of filing suit. Secondly, defendants argue that a strict construction of La.R.S. 13:3203 would interpret the *225 language found therein, "where the plaintiff is domiciled," to mean where the plaintiff was domiciled when his cause of action arose.

Interpretation of La.R.S. 13:3203
Addressing the second issue first, we find no merit in defendants' argument. The words of a law must be given their generally prevailing meaning. La.C.C. art. 11. When the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.C.C. art. 9. La.R.S. 13:3203 specifically states that a suit on a cause of action based on the long arm statute "may be instituted in the parish where the plaintiff is domiciled." Defendants would have us read "where the plaintiff is domiciled" to read "where the plaintiff was domiciled." No jurisprudential support is given for this interpretation of La.R.S. 13:3203. Louisiana Revised Statute 13:3203 is clear and unambiguous and allows a plaintiff to bring suit in the parish of his domicile at the time that suit is instituted.

Change of Domicile
Defendants also argue that plaintiff failed to sustain his burden of proving a change of domicile from East Baton Rouge Parish to Pointe Coupee Parish. If the grounds for an objection of improper venue do not appear on the face of a plaintiff's petition, the burden is on a defendant to offer evidence in support of his position. Ross v. Schultz, 542 So.2d 125, 127 (La.App. 1st Cir.1989). Plaintiff's petition contains the assertion that plaintiff was domiciled in Pointe Coupee Parish and that some defendants were nonresidents who were sued pursuant to the long arm statute. Consequently, defendants were required to offer evidence in support of their position that venue was improper.
Defendants submitted a copy of a divorce petition filed on March 23, 1994, in East Baton Rouge Parish. The service return indicates that plaintiff was served in Baton Rouge on May 18, 1994. Defendants also submitted a copy of a "Certificate of Divorce" which indicates that East Baton Rouge was plaintiff's parish of domicile and that a divorce was granted on January 9, 1995. Also, introduced was a copy of a motion filed in the divorce proceedings, which contained a certificate of service that shows that a copy of the motion was mailed to plaintiff at a Baton Rouge address. The certificate is dated May 21, 1994.
Plaintiff does not dispute that his prior domicile was in East Baton Rouge Parish, but asserts that he changed his domicile prior to filing the present suit. The party seeking to show his domicile has changed must overcome the legal presumption that it has not been changed, by positive and satisfactory proof of the establishment of a new domicile as a matter of fact with the intention of remaining and of abandoning the former domicile. Sheets v. Sheets, 612 So.2d 842, 844 (La.App. 1st Cir.1992)
Plaintiff submitted certified true copies of declarations of change of domicile filed in East Baton Rouge and Pointe Coupee Parishes, in which he declared that "[o]n and after the 13th day of September, 1993, the domicile of Stephen E. Jewell will be changed from ... Baton Rouge ... to ... New Roads." The declaration further stated that it was given pursuant to La.C.C. art. 42.[4] The declaration was filed in Pointe Coupee Parish on September 13, 1993, and in East Baton Rouge Parish on September 15, 1993. Jewell stated in his affidavit, which was admitted into evidence, that he never leased an apartment in East Baton Rouge Parish after September 13, 1993, and that his "temporary and periodic stays" in East Baton Rouge Parish did not change his intent to remain in Pointe Coupee indefinitely.
*226 Joseph Kenneth Jewell (Ken Jewell), plaintiff's brother, testified that, after plaintiff moved out of the marital domicile, plaintiff and his wife attempted to reconcile. Plaintiff moved in with his wife but only stayed a few days and returned to New Rhode, as the attempt failed. Ken Jewell further testified that plaintiff made short, periodic visits to Baton Rouge to look for employment. During these visits, plaintiff stayed with a friend.
Ken Jewell also testified that his brother kept his belongings in New Rhodes and spent the majority of his time at his father's house. Introduced into evidence was a copy of plaintiff's driver's license, issued May 20, 1994, and his insurance agent's license, both of which show the New Rhodes address.
A change of domicile is shown by residing in another parish coupled with the intent to make that parish one's principal establishment. La.C.C. art. 41. The principal establishment of an individual "is that in which he makes his habitual residence." La.C.C. art. 38.
The trial court found that plaintiff established a residence in Pointe Coupee Parish. After a review of the evidence, we cannot say that the trial court was manifestly erroneous in this factual finding. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
As plaintiff was found to be residing in Pointe Coupee Parish, the question is whether plaintiff had the requisite intent to make the parish his principal establishment, producing a change in plaintiff's domicile at the time of filing the instant suit. "This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove. This declaration is made in writing, is signed by the party making it, and registered by the recorder." La.C.C. art. 42. Such a written and recorded declaration was made by plaintiff. Consequently, plaintiff proved his change in domicile to Pointe Coupee Parish prior to filing suit.
Defendants would have us look beyond the declaration to determine intent. Louisiana Civil Code article 43 provides that, if an article 42 declaration is not made, proof of the intent to change domicile "shall depend on circumstances." These circumstances are irrelevant if a written and recorded declaration has been made, unless made fraudulently or in bad faith. See, Arkoma Associates v. Carden, 572 So.2d 292, 294-95 (La.App. 4th Cir.1990).
The burden of proving that an Article 42 declaration was made fraudulently or in bad faith is on the party challenging its authenticity. Arkoma Associates v. Carden, 572 So.2d at 295. Defendants have failed to meet this burden.[5] We find no error in the trial court's determination that plaintiff was a domiciliary of Pointe Coupee Parish at the time of filing suit.

Conclusion
We have found that plaintiff was a domiciliary of Pointe Coupee Parish at the time of filing the instant suit. Defendants do not argue that service pursuant to the long arm statute was improper; nor do they argue that they not solidary obligors.
Louisiana Revised Statute 13:3203 allows suit on a cause of action described in the long arm statute to be brought in the parish of plaintiff's domicile. Louisiana Code of Civil Procedure article 73, as amended in 1989, permits suit against joint or solidary obligors for damages for an offense or quasi-offense to be brought in plaintiff's domiciliary parish if that parish would be the proper venue against any defendant under La.R.S. 13:3203.
As we have determined that Pointe Coupee Parish is the proper venue for a suit against the nonresident defendants under La.R.S. *227 13:3203, suit against the resident defendant with whom the nonresidents may be solidarily liable is also proper under La.C.C.Pr. art. 73. The trial court's finding that venue is proper in Point Coupee Parish as to all defendants is correct.

Decree
For the foregoing reasons, the judgment of the trial court, overruling the declinatory exception pleading the objection of improper venue, is affirmed at defendants' cost.
AFFIRMED.
NOTES
[1] Judge William F. Kline, Jr., is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The exact date on which plaintiff filed the petition for damages is unclear from the record before us. The date on the copy of the petition appears to be May 31, 1994, but the copy is poor. Plaintiff uses the date May 3, 1994, and defendants use May 31, 1994. The transcriber's index shows May 3, 1994. Under the facts of this case, the difference would not change the result.
[3] Other exceptions were raised but are not before this court.
[4] Louisiana Civil Code article 41 provides:

A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there.
Louisiana Civil Code article 42 states:
This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder.
[5] Defendants argue that, according to the testimony of Ken Jewell, plaintiff filed the declaration to gain a procedural advantage in any possible divorce proceedings. Ken Jewell testified that his brother moved to his father's house because of the breakup of the marriage. This move was made two to three weeks before the declaration was filed. Ken Jewell also testified that the declaration was filed in the event that divorce proceedings could be brought in Pointe Coupee Parish where it would be more convenient and less expensive. Ken Jewell's testimony and the evidence presented by defendants do not prove that the declaration was made fraudulently or in bad faith.