Dear Mr. Richardson:
This office is in receipt of your letter dated April 9, 1992, signed by Linda Brown, Seth Rutherford, and yourself. Your opinion request has been assigned to me for research and reply.
As you related to me in our telephone conversation, the present Mayor of Grand Cane is planning to move outside the territorial limits of the village. The proposed move raises the issue of whether a vacancy will be created in the office of mayor and whether an election must be held to fill this vacancy. Finally, you state the mayor may retain ownership of his home within the village and inquire whether this fact will have any bearing on our conclusion.
The Village of Grand Cane is a Lawrason Act municipality and is governed by the provisions of LSA-R.S. 33:321, et seq. LSA-R.S. 33:384 provides:
 "The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled for at least the immediately preceding year in the municipality." (Emphasis added).
A vacancy in the office of mayor occurs when the official no longer meets the domicile requirements of the office. LSA-R.S.18:581 (1) provides in part:
 "A `vacancy' occurs in an elective office when. . . . . . . the person elected to or holding the office no longer meets the residence or domicile requirements of that of declaration of retention of domicile to the contrary notwithstanding." (Emphasis added).
Mr. Lewis B. Richardson OPINION NUMBER 92-262 *Page -2- 
The crucial issue is whether or not the mayor will retain his domicile within the municipal limits. You stated that he may retain ownership of his home, but this is not the determinative factor.
Domicile is defined in LSA-C.C. art. 38:
 "The domicile of each citizen is in the parish wherein he has his principal establishment. The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected."
Domicile is determined by two elements, residence and the intent to make that one's principal establishment. Habig v. Popeye'sInc., 553 So.2d 963 (La.App. 4th Cir. 1989). Factual considerations in this determination include where the person sleeps, takes his meals, has established his household, and surrounds himself with family and the comforts of domestic life.Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir. 1975); Mixv. Blanchard, 318 So.2d 125 (La.App. 4th Cir. 1975).
As you state in your letter, the present mayor has not moved from his present domicile and no vacancy presently exists. When the mayor does move, the Board of Aldermen as governing body must carefully consider whether the mayor has in fact changed hisdomicile. The terms "residence" and "domicile" are not synonymous. A person can have several residences, but only one domicile. Wilson v. Butler, 513 So.2d 304 (La.App. 1st Cir. 1987).
If the determination is made by the Board of Aldermen that a vacancy has occurred, the board must appoint a person to fill the vacancy who meets the qualifications of the office. The appointment must be made within ten days of the vacancy. LSA-R.S.18:602(A). Finally, if the unexpired term exceeds one year, the board must issue a proclamation calling for a special election to fill the vacancy and replace the temporary appointee. This proclamation also must issue within ten days of the vacancy. LSA-R.S. 18:602(2) (a).
Mr. Lewis B. Richardson OPINION NUMBER 92-262 *Page -3- 
In summary, the board must carefully consider all factors surrounding the mayor's move to determine if his intent is to change his domicile. If the board determines that a vacancy has occurred, the board must timely appoint a qualified person to fill the vacancy. Should the unexpired term exceed one year, the board must also issue a proclamation calling for a special election to fill the office.
We hope this interpretation will be of assistance to you. If you have any further questions, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ Kerry L. Kilpatrick Assistant Attorney General
RPI/KLR/ams 0074E