Dear Mayor Smith:
This office is in receipt of your opinion request, wherein you advise that an alderman elected to the Town of Arcadia governing authority does not reside within the district from which we was elected. You ask whether an alderman of a municipality need remain a resident of the district from which he was elected in order to retain the qualifications of his office. We respond to your inquiry in the affirmative.
The Town of Arcadia is a Lawrason Act municipality and the provisions of LSA-R.S. 33:321, et seq. apply. LSA-R.S. 33:385(A) lists the qualifications for the office of alderman and provides, in pertinent part:
 The qualifications of the aldermen shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards.
LSA-R.S. 18:581(1) defines the term "vacancy" in an elective office and provides, in pertinent part:
 A "vacancy" occurs in an elective office. . . . . when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding.
Article VIII, Section 13 of the 1921 Louisiana Constitution provided that an alderman's office would become vacant should the incumbent move from the district or ward from which he was elected. Although this provision was not carried forward in the 1974 Constitution, we are of the opinion that this requirement has been retained by statute.
One of the qualifications of the office of alderman in a Lawrason Act municipality is that the aldermen remain a resident of the ward from which he is elected. See Attorney General Opinion 80-1171. We have previously concluded that the term "ward" as used in LSA-R.S. 33:385(A) encompasses the term "district". See Attorney General Opinion 92-350. This conclusion is supported by the provisions of LSA-R.S. 18:2(6), which define "voting district" as follows:
 "Voting district" means a geographical area composed of one or more precincts in a parish in which every elector within that area votes in the same congressional district, statewide board or commission district, judicial district, Senate District, House of Representative District, parish governing authority district, local and ward office district, municipal office district, and all other special election districts.
Note further that the terms "residence" and "domicile" are not synonymous. A person can have several residences, but only one domicile. Wilson v. Butler, 513 So.2d 304 (La.App. 1st Cir. 1987). A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home. Wilson, supra, at 306.
The fact that a residence is maintained for political purposes does not itself prevent the residence from being actual and bona fide. However, there must be actual, physical use or occupation of quarters for living purposes before residence is established. _Williamson v. Village of Baskin, 339 So.2d 474 (La.App. 2d Cir. 1977); writ den.; 341 So.2d 1126 (La. 1977).
It is the opinion of this office that the alderman in question must retain a residence within the district from which he was elected in order to retain the qualifications of office. His position does not become vacant merely because he has a residence in another district; the vacancy must be declared by the board of aldermen or a court. Williamson, supra, at page 477. The alderman must be able to show that he maintains a residence within the district from which he was elected in order to be in conformity with existing law. This will necessitate that he continues to have actual, bona fide living quarters in that district, despite the fact that he may be domiciled elsewhere.
We hope the foregoing is helpful to you. Should you have further questions regarding this matter, please contact our office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams