Dear Mayor Myers:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask whether any action needs to be taken regarding a city councilman who still lives in the city but no longer lives in his district?
You also state that this councilman is in the process of having a house built which is out of the city limits.
In a Lawrason Act municipality, such as the City of Scott, a councilman (alderman) must be an elector of the municipality and must have been domiciled for at least the immediately preceding year in the municipality. Further, a councilman must retain a residence within the particular district from which he is elected in order to retain the qualifications of office. The statutes governing this matter are found within La. R.S. 33:384, and 33:385, providing:
 § 384. Qualifications of mayor
 The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediate preceding year in the municipality.
 § 385. Qualifications of alderman, vacancies, office holding; contracting
 A. The qualifications of the alderman shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards.
Our office has consistently opined that in a Lawrason Act municipality an alderman must remain a resident of the district from which he is elected in order to retain the qualifications of office. (See Attorney General Opinions 92-350, 97-4 and 98-326 which have been attached for your review.)
If the determination is made by the Board of Aldermen that the alderman in question no longer meets the statutory residency requirements, the Board has cause to declare the position vacant. The alderman's position does not become vacant merely because the official has moved; the vacancy must be declared by the Board.
According to La. R.S. 18:581 (1), a "vacancy" occurs in an elective office . . . when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding.
Louisiana Revised Statute 33:385 (B) dictates that the provisions of La. R.S. 18:602 be followed where a vacancy in the office of councilman is declared. The Board must appoint a person to fill the vacancy who meets the qualifications of the office. The appointment must be made within ten days of the vacancy. If an appointment is not made by the Board, the governor is empowered to fill the vacancy. If the unexpired term exceeds one year, the board must issue a proclamation calling for a special election to fill the vacancy and replace the temporary appointee. This proclamation also must issue within ten days of the vacancy. Since there is less than one year left in the term, a special election is not held. Instead, the appointed councilman serves until the regular election is held, and a successor is elected and takes office.
We trust this sufficiently answers your questions. However, if you should need anything further do not hesitate to contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
CCF, Jr:FJP:sc
 *1 OPINION NUMBER 92-350
May 28, 1992
71 MUNICIPALITIES
77 OFFICERS
LSA R.S. 33:321 et. seq.; 33:385; 18:581; 18:581(1); Art. VIII, Sec. 3 of 1921 Const.; 18:602(A)
Where an alderman moves out of the district from which he is elected, the Board of Aldermen may declare the seat vacant and appoint a qualified person to fill the vacancy pursuant to the provisions of the Election Code.
Mr. Ray Rush Oakdale, Louisiana
Dear Mr. Rush:
We are in receipt of your opinion request dated May 14, 1992 directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
In your letter dated May 14, 1992, you state that an alderman of the City of Oakdale was elected from and represents a single district. This alderman has physically moved out of his district, but maintains his residence within the Oakdale corporate limits. The facts related raise the issue of whether or not the alderman's actions have created a vacancy in his office. Further, you inquire as to the appropriate action to be taken by the Board of Aldermen if it is determined that a vacancy exists.
The Town of Oakdale is a Lawrason Act municipality and the provisions of LSA-R.S. 33:321, et. seq. apply. LSA-R.S. 33:385 lists the qualifications for the office of alderman and states, in pertinent part:
 "The qualifications of the aldermen shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards. LSA-R.S. 33:385(A); (Emphasis added).
LSA-R.S. 18:581 defines the term "vacancy" in an elective office and provides, in pertinent part:
"A `vacancy' occurs in an elective office. . . . . when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding." LSA-R.S. 18:581(1); (Emphasis added).
Article VIII, Section 13 of the 1921 Louisiana Constitution provided that an alderman's office would become vacant should the incumbent move from the district or ward from which he was elected. Although this provision was not carried forward in the 1974 Constitution, we are of the opinion that this requirement has been retained by statute.
One of the qualifications of any alderman in a Lawrason Act municipality is that the alderman remain a resident of the ward from which he is elected. See Attorney General Opinion Number 80-1171. An alderman who maintains his residence within the corporate limits but outside the territorial boundaries of the ward from which he is elected fails to meet this statutory requirement. We are further of the opinion that the term "ward" as used in LSA-R.S. 33:385(A) encompasses the term "district". This conclusion is supported by the provisions of LSA-R.S.18:2(6), which defines "voting district" as follows:
 "Voting district" means a geographical area composed of one or more precincts in a parish in which every elector within that area votes in the same congressional district, statewide board or commission district, judicial district, Senate District, House of Representative District, parish governing authority district, local and ward office district, municipal office district, and all other special election districts." (Emphasis added).
*2 This office has previously stated that when a local official moves from the district from which he is elected, the local governing authority may declare the office vacant. See Attorney General Opinion Numbers 80-1171 and 77- 1172, copies of which are attached.
From your letter we assume the alderman has moved his domicile outside the district. It is important to note that the terms "residence" and "domicile" are not synonymous. A person can have several residences, but only one domicile. Wilson v. Butler, 513 So.2d 304 (La.App. 1st Cir.1987). The fact that a residence is maintained for political purposes does not itself prevent the residence from being actual and bona fide. However, there must be actual, physical use or occupation of quarters for living purposes before residence is established. Williamson v. Village of Baskin, 339 So.2d 474 (La.App. 2d Cir.1977); writ den.;341 So.2d 1126 (La. 1977). For this reason, the Board of Aldermen of Oakdale as governing body must carefully consider whether the alderman in question retains a residence within the district.
If the determination is made by the Board of Aldermen that the alderman in question no longer meets the statutory residency requirements, the Board of Aldermen has cause to declare the position vacant. See Attorney General Opinion Number 81-315, attached. The alderman's position does not become vacant merely beacause the official has moved; the vacancy must be declared by the Board of Aldermen or a court. Williamson, supra.
LSA-R.S. 33:385(B) dictates that the provisions of LSA-R.S. 18:602 be followed where a vacancy in the office of alderman is declared. The Board must appoint a person to fill the vacancy who meets the qualifications of the office. The appointment must be made within ten days of the vacancy. LSA-R.S. 18:602(A). If the unexpired term exceeds one year, the board must issue a proclamation calling for a special election to fill the vacancy and replace the temporary appointee. This proclamation also must issue within ten days of the vacancy.
In summary, the Board of Aldermen must examine all facts presented in accordance with the authority cited herein and determine whether the alderman in question meets the residency requirements mandated by LSA-R.S. 33:385. Should the Board declare that a vacancy has occurred, the Board must then timely appoint a qualified individual to fill the position, and issue a proclamation calling for a special election, if the circumstances so require.
We hope this interpretation of the law will be helpful to you. Should you have further questions regarding this matter, please contact our office.
Yours Very truly,
Richard P. Ieyoub
Attorney General
By: Kerry L. Kilpatrick
Assistant Attorney General
 OPINION NUMBER 97-4
February 3, 1997
77 — OFFICERS
LSA-R.S. 33:384; LSA-R.S. 33:385
In a Lawrason Act municipality an alderman must remain a resident of the district from which he is elected in order to retain the qualifications of office.
Mr. Stan LeCoq Alderman Morganza, Louisiana
Dear Mr. LeCoq:
In a Lawrason Act municipality, such as the Town of Morganza, an alderman must be an elector of the municipality and must have been domiciled for at least the immediately preceeding year in the municipality. Further, an alderman must retain a residence within the particular district from which he is elected in order to retain the qualifications of office. The statutes governing this matter are found within LSA-R.S. 33:384, and 33:385, providing:
§ 384. Qualifications of mayor
The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality.
 * * *
§ 385. Qualifications of alderman; vacancies, office holding; contracting
A. The qualifications of the alderman shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards.
The Board of Aldermen may declare a seat vacant and appoint a qualified person to fill the vacancy where an alderman moves out of the district from which he is elected. See Attorney General Opinion92-350, attached.
Very truly yours,
Richard P. Ieyoub
Attorney General
By: Kerry L. Kilpatrick
Assistant Attorney General
 Note
TO RETRIEVE THE FULL TEXT OF THE ATTACHED CASE(S) SET FORTH AT THIS POINT, ENTER THE FOLLOWING SEARCH:
FI 1992 WL 610848
La. Atty. Gen. Op. No. 97-4, 1997 WL 114538 (La.A.G.)
 OPINION NO. 98-326
September 3, 1998.
77 — OFFICERS
LSA-R.S. 33:384
LSA-R.S. 33:385
In a Lawrason Act municipality an alderman must remain a resident of the district from which he is elected in order to retain the qualifications of office.
Chief Warren Keith Thomas, Sr. Sterlington Police Department Sterlington, LA
Dear Chief Thomas:
In a Lawrason Act municipality, such as the Town of Sterlington, an alderman must be an elector of the municipality and must have been domiciled for at least the immediately preceding year in the municipality. Further, an alderman must retain a residence within the particular district from which he is elected in order to retain the qualifications of office. The statutes governing this matter are found within LSA-R.S. 33:384, and 33:385, providing:
§ 384. Qualifications of mayor
The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediate preceding year in the municipality.
 * * *
§ 385. Qualifications of alderman; vacancies, office holding; contracting A. The qualifications of the alderman shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards.
The Board of Aldermen may declare a seat vacant and appoint a qualified person to fill the vacancy where an alderman moves out of the district from which he is elected. See Attorney General Opinion 92-350, attached.
Very truly yours,
Richard P. Ieyoub
Attorney General
Kerry L. Kilpatrick
Assistant Attorney General